Argument for Appellant.

No. 2,327.

F. W. DAY, RESPONDENT, v. THOS. CALLOW, APPELLANT.

MANDAMUS.—Mandamus is the proper remedy to compel a County Treasurer to satisfy warrants surrendered for redemption, as provided by law.

IDEM.—PAYMENT OF WARRANTS OUT OF SPECIAL FUND.—A County Treasurer cannot be compelled by mandamus to pay on warrants, made payable out of a particular fund, more money than there is in that fund at the time the mandate issues, and a judgment which commands him to pay such warrants out of moneys that may thereafter come into the fund, is erroneous.

WARRANTS ON COUNTY TREASURY.—EVIDENCE OF PAYMENT.—The entry of the satisfaction of warrants, made under the loose provisions of the Act of April 4, 1864, in relation to the Board of Supervisors of Butte County, is entitled to no more weight than oral testimony.

APPEAL.—An appeal from "all the orders and rulings occurring on the trial, and excepted to" by the party appealing, is not an appeal from an order granting or refusing a new trial.

APPEAL from the District Court of the Second District, Butte County.

This was an application to the District Court for a writ of mandamus to the Treasurer of Butte County, to compel him to purchase and pay for certain warrants then in his possession, which the petitioner had surrendered for redemption during the term of office of defendant's immediate predecessor, under the provisions of the Act of April 4, 1864, entitled "An Act in relation to the Board of Supervisors of the County of Butte, etc.," and the Acts amendatory thereof.

The Court entered judgment in favor of petitioner, and ordered the writ to issue, commanding the Treasurer to satisfy said warrants out of any moneys then in the Redemption Fund, provided for by the Acts referred to; and if there was not sufficient in said fund, then out of any money that might thereafter come into said fund.

From which judgment, and all the orders and rulings occurring on the trial, and excepted to by defendant, this appeal is taken.

*A. Maurice, Jr.*, and *Jas. C. Martin*, for Appellant.

*First*—If it appears that the rights of parties not before the Court would be affected, a mandamus will not issue. (*Commissioners of the Land Office* v. *Smith*, 5 Texas, 471;

CAL. REP. XXXIX.—75.

*Watkins* v. *Kerchain,* 10 *Id.* 378 ; *Glasscock* v. *Commissioners,* 3 *Id.* 51 ; *Bracken* v. *Wells, Id.* 88.)

*Second*—The defendant has no authority to pay any money without receiving a proper voucher, to enable him to settle with the Auditor in making up his account; and as the warrants described in the complaint were in the office of the Treasurer, cancelled, we think the Court cannot compel him to do that which the law does not permit him to do. (*Gislaspie* v. *Wood,* 4 Humphrey, 437 ; *Johnson* v. *Lucas,* 11 *Id.* 306.)

The records of the office was the best evidence the defendant had, and upon that evidence he had the exercise of discretion. A mandamus will not lie to an officer, commanding him to perform an act which, in the exercise of a discretion, he has refused to perform. (*Arberry* v. *Beaver,* 6 Texas, 457 ; *Meyer* v. *Carolan,* 9 *Id.* 250 ; *Watkins* v. *Kerchain,* 10 *Id.* 375.)

To entitle the petitioner to this remedy (a mandamus), he must show a clear, legal right in himself, and a corresponding obligation on the part of the officer. (*Arberry* v. *Beaver, supra.*)

*Third*—Mandamus is not the proper remedy. It will be granted to the relator for his relief, when he has a specific, legal right, and no other specific, legal remedy. (*Draper* v. *Noteware,* 7 Cal. 278 ; *McDougal* v. *Bell,* 4 *Id.* 179 ; *Cullum* v. *Lattimer,* 4 Texas, 329 ; *Gongs* v. *Mills,* 1 Pike, 11 ; *Ex parte Lynch,* 2 Hill, 45; *State* v. *Moore,* 2 Iredell, 430; *State* v. *Justices,* Dudley, Geo. 37; *Ex parte Jones,* 1 Ala. 15; *State* v. *Holliday,* 3 Hals. 205 ; *People* v. *Brooklyn,* 1 Wend. 318 ; *Morris* v. *Mechanics,* 10 Johns. 484 ; *Ex parte Nelson,* 1 Cow. 479 ; *Commissioners* v. *Lynch,* 2 McCord, 170.)

The right of duty sought to be enforced by a writ of mandamus must be certain, else it will not lie. (*Swain* v. *Work,* 24 Miss. 439 ; 4 Cal. 179.)

Mandamus is only to be resorted to in cases of the last necessity—not where there is another effectual remedy. *Redding* v. *Commonwealth,* 11 Penn. 1 Jones, 196 ; 4 Geo. 26 ; 2 Gratt, 575 ; 1 Douglas, 319.)

It must ever, then, be in cases of clear, and not doubtful

right. (*Kendall* v. *United States*, 12 Pet. 525 ; 8 Pet. 291.)

In an application for a mandamus, all persons principally interested in the defense, must be included in the rule to show cause. (*Cullum* v. *Lattimer, supra.*)

*Fourth*—A mandamus will not be granted when it would be unavailable, from want of power in the defendant to per-form the required duty. (*People* v. *Supervisors*, 15 Barb. 607.)

*Burt & Sexton*, for Respondent.

*First*—We insist that this is not only the proper remedy, but that it is the only effectual remedy.

The County Treasurer is an inferior officer, acting in a purely ministerial capacity, and is subject to a writ of man-date to compel him to perform such ministerial acts as are enjoined by law. (Practice Act, Sec, 467.)

Under that section, there are many decisions of this Court construing the Act, and showing where and when the writ lies. (*Fowler* v. *Pierce*, 2 Cal. 165 ; *McDougal* v. *Bell*, 4 *Id.* 177 ; *McCauley* v. *Brooks*, 16 *Id.* 11.  See, also, *Pacific R. R. Co.* v. *The Governor*, 23 Mo. 353 ; *State* v. *Governor of Ohio*, 5 Ohio, 534, cited approvingly by Field, C. J., in *McCauley* v. *Brooks, supra; Morris* v. *Edwards*, 15 Barb. 529 ; *Stuart* v. *Edwards*, 19 *Id.* 468 ; *Downing* v. *Stout*, 23 *Id.* 338 ; *Huff* v. *Knapp*, 1 Selden, 65.)

It does not follow, of necessity, that if the party inter-ested has a legal remedy the writ will not lie.  The statute says: "a plain, speedy and adequate remedy, in the ordinary course of law." (Practice Act, Sec. 468 ; *People* v. *Loucks*, 28 Cal. 68 ; *Fremont* v. *Crippin*, 10 *Id.* 211 ; *McCullough* v. *The Mayor of Brooklyn*, 23 Wend. 461.)

If the mandate will not lie because he had discretion, then an action in the case will not lie, because he had dis-cretion. (See opinion of Field, C. J., in *McCauley* v. *Brooks*, on re-hearing, 16 Cal. 56-7.)

*Second*—We insist that the District Court was correct in finding that the warrants had not been paid, and that such finding is fully justified by the evidence.

Rhodes, C. J., delivered the opinion of the Court:

There is no room to doubt, that mandamus is the proper remedy to compel a County Treasurer to satisfy the warrants described in the complaint.

The Court did not err in striking out the portions of the answer which relate to the official bond of the former Treasurer and the sureties on his bond, and the administratrix of his estate. Neither the sureties of the deceased Treasurer, nor his administratrix, could be compelled to pay the warrants in controversy out of the Redemption Fund, because they have no control over the fund.

Upon the issue of payment of the warrants by the former County Treasurer, the evidence is conflicting, and we cannot disturb the finding that they remained unpaid. The official entries of the Treasurer would, in ordinary cases, be entitled to great weight, when opposed only by oral testimony; but in this case, the law required the bid for the surrender of the warrants, to be accompanied by the warrants (see the Act in relation to the Board of Supervisors of Butte County, Statutes of 1865–6, p. 208); and they thus came into the hands of the Treasurer. The loose provisions of this statute left it in the power of the Treasurer to enter upon the warrants the satisfaction provided for in Section 15 of the Act (see Statutes of 1863–4, p. 328), without having paid the bid, and to receive credit on the Auditor's books upon his own unsupported statement. In ordinary cases—and it should be so in every case—the amount paid to a creditor, is paid on an Auditor's warrant, specifying the sum to be paid, and payment is made on delivery of the warrant to the Treasurer. The statute under consideration opens the door to the perpetration of fraud, both on the treasury and the creditors of the county. The entry of the satisfaction of the warrants, made under such circumstances, is entitled to no more weight than oral testimony.

There is not shown to be in the Redemption Fund, more than the sum of $500. The deficiency has not occurred through the acts of the present Treasurer; but when he entered into office, there was a deficit in the several funds of

about $13,000.   He is not in default, except to the extent of the money in his hands, belonging to the Redemption Fund. The mandamus should not compel him to pay on the warrants, more money than there was in that fund.   The judgment is erroneous, so far as it commands him to pay money that might thereafter come into that fund, although it is his duty to satisfy the plaintiff's warrants, when there is sufficient money in that fund.

We have considered some of the questions arising on the motion for a new trial, because no objections was made by the plaintiff ; but they were not entitled to consideration on this appeal, for the reason that no appeal was taken from the order denying the new trial.   An appeal from "all the orders and rulings occurring on the trial, and excepted to by the defendant," might, *perhaps*, be of some avail in certain cases ; but counsel need not be told, that such an appeal is not an appeal from an order granting or refusing a new trial.

Cause remanded, with directions to the Court below to modify the judgment, by commanding the Treasurer to pay the plaintiff the sum of $500 towards the purchase of the warrants, the respondent to pay the costs of the appeal.