THE PEOPLE *ex rel.* GEORGE W. CHATTERTON
*v.*
THE SECRETARY OF STATE *et al.*

I. CONTRACTS WITH THE STATE—*construction of a particular acceptance of a proposal.* The State of Illinois entered into a contract with C for 2,000 reams of printing paper, to be furnished by him to sample; and the acceptance of his proposal was as follows: "This award is for 2,000 reams, and

any further quantity which may be needed or required by the State of Illinois, in the public printing, including all matters consequent upon the action of the 26th General Assembly :"    *Held,* that the terms of this acceptance did not confer upon the legislature the power to alter or rescind the contract; that it only gave to that body authority over any additional quantity that might be required.

2.    MANDAMUS—*of the pleadings.*    And in a proceeding by mandamus, to compel the auditor of public accounts to issue, and the State treasurer to countersign and pay, a warrant for the amount due on the property received by the State, under said contract, an answer by the respondents that there is no money in the treasury with which to pay for the same, is not a bar to the proceeding.

3.    Had the petition alone prayed for a writ to compel the payment of said money by the treasurer, in that case, an answer that there was no money in the treasury for such purpose, would constitute a bar.

4.    SAME—*writ will be allowed—to compel the proper officer to issue warrant for money due for property received.*    As to the property received under the contract, it was the duty of the auditor to issue a warrant for the amount due therefor, and of the treasurer to countersign and deliver it to the person entitled to receive it, whether there was money in the treasury or not, for its payment, the same to be paid when funds were provided for that purpose; and for that, a peremptory writ will be awarded.

5.    CONTRACTS WITH THE STATE—*award of—must be made in compliance with statute.*    But in such case, it appearing that C was not the lowest bidder, and that the said contract was awarded to him by the secretary of State, alone, without the presence of the auditor and treasurer, either at the time of the opening of the proposals, or of making the award, such contract is not binding upon the State, it having been made in violation of the statute upon that subject.

6.    STATUTES—*requirements of sec. 14, relating to printing and binding.*    Under sec. 14, of the chapter entitled "Printing and Binding," the award of contracts thereunder must be to "the lowest responsible bidder," and the proposals for the same must be opened, and the award made in the presence of the auditor and treasurer, acting with the secretary of State.

This is an application to this court, in the name of the people, on the relation of George W. Chatterton, for a writ of mandamus to compel the auditor of public accounts to issue, and the State treasurer to countersign and pay, a warrant for the contract price of 1,000 reams of printing paper, sold and delivered to the State by the petitioner, and to compel the Secretary

of State to receive the balance, 1,000 reams of said paper, contracted to be delivered, the contract being for 2,000 reams.

Messrs. STUART, EDWARDS & BROWN, for the relator.

Mr. W. BUSHNELL, Attorney General, for the respondents.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a petition for a mandamus, filed in this court by relator against the auditor, to compel him to draw his warrant on the treasurer, for the contract price of 1,000 reams of printing paper, sold and delivered by petitioner, to the State, and the treasurer to pay the same, and the secretary of State, to compel him to receive 1,000 reams of paper contracted to be delivered. It is alleged that the secretary of State, in accordance with the statute, advertised for bids to furnish 2,000 reams of printing paper for the use of the State. That petitioner, with others, put in bids, and the contract was awarded to him. That he executed bond and security for the fulfillment of his part of the contract, and in pursuance thereof delivered to, and the secretary of State received, one half of the paper, which has been used by the State, and that he was ready and willing to furnish the remainder under the contract. That the secretary of State refuses to receive any more paper, and the auditor refuses to draw his warrant, and the secretary of State and the treasurer refuse to concur with the auditor in drawing such a warrant. And the petition concludes by a prayer for a writ of mandamus.

The return sets up and charges that petitioner and Tyndale made the contract with the intention of defrauding the people of the State. That the law requires all awards of contracts for the purchase of the paper to be public, and made at the opening of the bids, in the presence of the auditor and treasurer, but that the secretary postponed the award of the contract, and afterwards privately made the contract with the petitioner when the auditor and treasurer were not present. That other persons had offered to furnish paper of the same

quality at lower prices, but the contract was let to petitioner in fraud of the rights of the people.

It is also alleged that the contract price of the paper was $10.88, but the paper furnished was worth only $7.50 per ream; that it was inferior to the sample according to which petitioner was to supply the paper. That the advertisement for proposals to furnish the paper was not according to law, and the contract is not binding on the State.

An issue of fact was made which was sent to the circuit court of Sangamon county and tried by a jury, who found a verdict which has been certified to this court. They find that the contract was not obtained by fraud and collusion between petitioner and Tyndale; that a thousand reams of the printing paper furnished under the contract between the State and petitioner, was equal to the sample furnished with his proposal; that the secretary of State did advertise in proper newspapers the notice set out in the petition, for proposals. The evidence we regard as sufficient to justify the verdict returned to this court, and we have no disposition to disturb or set it aside. We then must hold, as the jury have found the fact, that there was no fraud; that the contract, as far as it was executed, was in accordance with its terms, and that the notice was duly published. This, then, disposes of these questions.

It is urged that the legislature had the power to rescind the contract, which it did by the joint resolution, as the terms of the acceptance of petitioner's proposal reserved the right, or made the whole contract dependent upon the action of the legislature. The acceptance is: " This award is for 2,000 reams, and any further quantity which may be needed or required by the State of Illinois in the public printing, including all matters consequent upon the action of the twenty-sixth General Assembly." It is not apparent that this language gave the legislature the discretionary power to rescind the contract at its option. It clearly gave them power over any additional quantity that might be required, as to amount and quality, the time and manner of its delivery, and to impose other conditions, if

not the price. But the language does not, it seems to us, give the power to alter the terms of the contract.

It is again urged that inasmuch as the answer of respondents showed there was no money in the treasury with which to pay for the paper, the writ can not be issued; the answer is, for that reason, conclusive of the case. If the petition was alone for a writ to compel the payment of the money by the treasurer, then the answer would be a bar to the relief, but the prayer is, that the auditor issue, and the treasurer countersign and pay, a warrant for the amount petitioner is entitled to receive. If the State has received the services or property of an individual under a contract, there would seem to be no doubt that it would be the duty of the auditor to draw a warrant for the sum due, and of the treasurer to countersign it, and to deliver it to the person entitled to receive it, whether there be money in the treasury or not, for its payment. This the law at least requires, and also that it be paid when funds are provided for the purpose. If there is no money in the treasury for the payment of a proper claim, when the warrant issues, it should be paid when there are funds.

In this case, petitioner having furnished a thousand reams of the paper under the contract, in conformity to its terms, and there being no fraud, as the jury have found, he is entitled to pay for that quantity, and the auditor should draw a warrant for that amount at the contract price, and the treasurer should countersign it, and pay it when means shall be in the treasury for the purpose; and for that, a peremptory writ of mandamus must issue.

It, however, remains to determine whether petitioner is entitled to the writ against the secretary of State, to compel him to receive the remaining 1,000 reams of paper, and against the other respondents to compel them to audit and pay for the same. It is insisted that the contract was not binding on the State, because the secretary of State did not award the contract in the presence of the auditor and treasurer. This is required under the 14th section of the chapter entitled "Printing

and Binding." (R. S. 424.)   The law manifestly designed that these officers should aid the secretary in determining who was entitled to the contract on the various proposals filed, and that they might see and know that the award was justly and properly made.   It was not intended that the secretary of state should, at the opening of the bids, alone and unassisted, award the contract, and much less at a future time.   The statute requires the acceptance to be made at the opening of the proposals.

The return alleges that the secretary of state postponed the letting of the contract for furnishing the paper, and afterwards privately made the contract, at a time when the other officers were not present; and that other persons had offered to furnish paper, of the quality required, at prices much below the bids of petitioner.   To these averments a demurrer was filed, and hence they must be taken as true.   If considered as true, it follows that the law was not complied with in making this contract, because the auditor and treasurer were not present, and petitioner was not the lowest bidder to furnish paper of the quality which he agreed to deliver.   And being in violation of these requirements of the statute, the contract was not binding on the State, and not being so, the general assembly, by resolution, had the right to refuse to go on with the contract, or the secretary of state might refuse to receive any more paper; and having done so, he cannot be compelled to receive it, however honest petitioner and Tyndale may have been in their intentions in making the contract.   It is a question of law, and not of mere intention.   For this portion of the relief the writ must be refused. But a peremptory writ will be issued for the payment of the portion of the paper furnished before the contract was repudiated.   It was, perhaps, not absolutely void, as it was not made with a fraudulent intent; and the State having received and appropriated the thousand reams of paper, and not having offered to return the same, must be regarded as having ratified the contract to that extent, but no farther.

A peremptory writ of mandamus will issue, requiring the auditor to draw his warrant for the thousand reams received by the State, and requiring the treasurer to countersign the same, and to pay it when there shall be funds in the treasury subject to its payment.

*Mandamus awarded.*