## RICE v. WALKER.

1. **Taxation:** LEVY: EVIDENCE. The denomination of a tax in the levy as "for judgment fund" and "for city judgment tax," does not contain such a latent ambiguity as will permit the introduction of evidence to show that the proceeds were intended by the city council to be applied to another purpose than the payment of outstanding judgments.

2. ———: IN EXCESS OF TWELVE MILLS: MUNICIPAL CORPORATION. The levy of a tax of eight mills by a city for the payment of judgments against it, after a tax of ten mills had been levied for general city and road purposes, was *held* not illegal.

3. **Mandamus:** HOW LIMITED. A writ of mandamus will not issue commanding an officer to do what is not within his power to do. If he has put it out of his power to do his duty, he may be liable in damages to one prejudiced by his act, but in such case mandamus will not lie.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 20.

THE defendant is treasurer of the city of Des Moines. The plaintiff holds a judgment against said city for the sum of $7,500. The city council of said city, for the year 1874, made the following levy of taxes: "for city general purposes," six mills; "for city road purposes," four mills; "for city bonded interest," two mills; "for judgment fund," eight mills; and for the year 1875, "for city general fund," six mills; "for city road fund," four mills; "for city bond and interest fund, to pay interest and bonds, and create sinking fund," two mills, and "for city judgment tax," eight mills. The amount realized from the tax of 1874, denominated "for judgment fund," was $31,941. Of that sum, $10,463 was applied in payment of the interest on one hundred and nineteen bonds of $1,000 each, which had been issued by the city to one Blennerhasset for a judgment obtained against the city; $5,064 was applied to various purposes, and the balance, $17,224, was transferred to the city general revenue fund, and exhausted in payment of demands against that fund, leaving in the treasury only $3,495, belonging partly to the cemetery fund, partly to the toll fund, and partly to the water fund. The

levy of eight mills " for city judgment tax " for 1875 amounted to $34,638, but not much, if any, had been collected at the time of the commencement of this action.   Sufficient money, however, had been received on account of prior judgment tax to pay off all judgments against the city since January 20, 1874, and no part was applied in payment of plaintiff's judgment.   The city was indebted in the sum of $104,000 in the Blennerhasset bonds.   Other facts are stated in the opinion.

The plaintiff prayed that the defendant be enjoined from disposing of any part of the judgment fund, except in payment of judgments against the city, and from transferring or crediting any part of the judgment fund to other funds until the plaintiff's said judgment is paid, and for a peremptory writ of mandamus commanding defendant forthwith to pay said judgment.   Judgment for plaintiff.   Defendant appeals.

*Wright, Gatch & Wright,* for appellant.

*Finch & Sickmon* and *Nourse & Kauffman,* for appellee.

ADAMS, J.—I.   In the proceedings of the city council in levying the tax in question for 1874, it was denominated " for judgment fund," and for 1875, " for city judgment tax."   The first question which arises is whether the designation of the tax in the levy, being such as above described, necessitates its being appropriated to the payment of judgments. The appellant claims that in the words used there is a latent ambiguity, and that the court erred in not allowing him to prove, as he offered to do, that the city council did not intend the tax in question for the payment of judgments.   In this, we think, the appellant's position cannot be maintained. We discover no ambiguity.   If the tax in question was intended to pay claims not in judgment, the intention of the council was radically different from that which they expressed. But, it is claimed that, if the intention of the council was different from that which they expressed, even such fact may be shown as between the parties to this action.   This cannot be so, however, if the plaintiff was affected by the levy; and we think it appears from the provisions of the statute that he was.

1. TAXATION: levy: evidence.

Section 3049 of the Code provides that, if no property of a municipal corporation against which an execution has been issued can be found, or if the judgment creditor elects not to issue an execution against such corporation, a tax must be levied as early as practicable to pay off the judgment. The plaintiff, on the 10th day of August, 1874, took out execution, and it was returned unsatisfied. On the same day the said tax for 1874, denominated "for judgment fund," was levied. It was not, it is true, levied expressly to pay the plaintiff's judgment, but he had a right to assume that it was levied to pay all judgments against the city, including his own. If he had applied for a writ of mandamus commanding the council to levy a tax to pay his judgment, there can be no doubt that it would have been a sufficient defense for the council to show the levy which they had already made. He was, then, affected by the levy. It answered the requirements of a statute which, previous to the levy, he had the power to call into operation. It was not, therefore, competent for the defendant to show that the council, in levying a tax "for judgment fund," meant a tax for general purposes.

II. A more serious question arises in regard to the power of the council to levy the tax in question, under the circum-
2. ——: in stances of this case. It is claimed that, by sec-
excess of
twelve mills: tions 496 and 497 of the Code, the taxing power
municpal cor-
poration. of the city is limited to twelve mills on a dollar for all purposes. The former section provides that the levy to defray general and incidental expenses shall not exceed ten mills on a dollar; and the latter, that the levy to create a sinking fund, for the gradual extinction of the bonds and funded debt, shall not exceed two mills on a dollar. Before the levy in question, the council had levied six mills on a dollar for "city general purposes," and four mills on a dollar for "city road purposes." It is claimed that their power was exhausted. It is said that section 3049 confers no independent power to levy a tax, and that none can be levied under its provisions, except within the limit of ten mills on a dollar, which limit had been already reached.

In *The Iowa Railroad Land Co. v. The County of Sac,*

Rice v. Walker.

39 Iowa, 126, and *Supervisors v. United States*, 18 Wallace, 71, it was, indeed, held that section 3275 of the Revision, which is similar to 3049 of the Code, conferred no independent power to levy a tax, and that no levy could be made under that section except within the limit of the power conferred elsewhere. But the statute, as a whole, under which those decisions were made, differs from the statute which governs this case. The former statute conferred a power to levy for four distinct purposes, limiting the amount for each, and it was thought that no power to levy was given elsewhere.

Sections 496 and 497 of the Code confer no power whatever to levy a tax. They simply limit the amount which may be levied for two expressed objects. The power to levy, if it exists at all, must be found either in section 454 or section 495. If it is not found in the former, we think it is by plain implication in the latter. But in neither case is any limit imposed. *Jeffries et al. v. Lawrence et al.*, 42 Iowa, 498, is cited by appellant, but the decision in that case is not applicable to this. That decision was made under a special charter which contained an express limitation upon the taxing power.

Again, it is obvious that section 496 of the Code has no application to a levy of a tax for the payment of a judgment like the plaintiff's. His judgment, it appears, was recovered for personal injuries. Section 496 limits the amount which may be levied for " general and incidental expenses." If we are correct in our view that the levy was legal, we need not inquire whether the fact that the tax had been collected would justify us, in case it was illegal, in compelling the treasurer to apply it to a purpose for which it should not have been levied rather than to a purpose for which it might have been levied.

III. The pleadings and evidence show that the tax for 1874, " for judgment fund," had been nearly, if not all, expended. The Circuit Court granted a peremptory writ of mandamus, commanding the defendant forthwith to pay to plaintiff the full amount of principal, interest and costs due upon plaintiff's judgment. Section 3382 of the Code provides that the writ shall be " returnable forthwith, and no return except that of compliance shall be

3. MANDAMUS: how limited.

allowed." It is not proper to grant a writ of mandamus commanding the performance of that which does not appear to be within the power of the defendant. If the defendant has diverted the fund to the plaintiff's damage, he may, perhaps, in an appropriate action, be held liable therefor.

The judgment of the Circuit Court should be so modified that a writ of mandamus issue, commanding the defendant to pay to plaintiff his said judgment with interest and costs, so far as he may be able to do so with funds in the city treasury collected either from the tax of 1874, levied "for judgment fund," or from the tax of 1875, levied "for city judgment tax," whether the same may have been transferred or credited to any other fund or not.

The injunction restraining the diversion of said taxes was properly granted.

MODIFIED AND AFFIRMED.