THE AULL SAVINGS BANK, *Appellant*, v. THE CITY OF LEX-
INGTON.

1. **Savings Banks.** A savings bank organized under article 6 of the
   Corporation Law, (Wag. Stat., p. 329,) has power to purchase and
   hold city warrants.

2. **The City of Lexington** has power, under its charter, to issue
   warrants in payment for work and labor done on a culvert, or for
   services rendered by an engineer to the city.

3. **City Warrants.** It constitutes no defense to an action on a city
   warrant that there is no money in the treasury to pay it.

4. **Corporation : PLEADING.** If proper averments be made in the
   first count of a petition, showing the corporate existence and powers
   of parties to the action, they need not be repeated in subsequent
   counts.

*Appeal from Lafayette Circuit Court.*—HON. W. T. WOOD,
Judge.

REVERSED.

*Alex. Graves* for appellant.

*Rathbun & Shewalter* with *A. J. Hall* for respondent.

HOUGH, J.—This was a suit upon two city warrants
issued by the defendant. The petition contained two counts,
one based on each warrant. The defendant demurred upon
the following grounds : 1st, That said petition does not
show any authority in plaintiff to purchase and deal in the
warrants sued on; said public law relied on in the petition
not vesting it with any such authority or power. 2nd, It
does not show any power in the defendant to issue said
warrants. 3rd, It does not allege that there was the money
or means in the treasury with which to pay the said war-
rants; but on the contrary, the petition shows they were
not paid for that reason. 4th, And as to the second count,
there is no allegation of the incorporated powers or right to
sue of plaintiff nor of the incorporated rights and liabili-
ties to be sued of the defendant; therefore, defendant asks

judgment. The circuit court sustained the demurrer, and the plaintiff refusing to amend, final judgment was rendered for the defendant.

The petition states that the plaintiff is a corporation, organized under article 6, chapter 37, Wagner's Statutes, 1. SAVINGS BANKS. having power to contract and sue, and to purchase and hold the warrants sued·on. Under the chapter cited, the plaintiff has power to discount non-negotiable notes; and by the first section of the general law in relation to corporations, it has power to take, hold and convey any property, real, personal or mixed, in order to retain or secure the payment of any indebtedness or liability belonging to the corporation. 1 Wag. Stat., p. 289, § 1. It was not stated in the petition, nor was it necessary to state, how the plaintiff acquired the warrants sued on. They were, in effect, the promissory notes of the city, and plaintiff had a right to take and hold them. *International Bank v. Franklin Co.*, 65 Mo. 109. The first ground of demurrer was, therefore, not well taken.

Nor was the second ground of demurrer well taken. The petition alleges, in substance, that both warrants were 2. THE CITY OF LEX- regularly issued in pursuance of the charter INGTON. and ordinances of the city, to pay, in one case, for work and labor done on a culvert in said city; and in the other case, for services rendered by the city engineer. Section 9, article 4 of the city charter, provides that the city shall have power to appropriate money and provide for the payment of the debts of the city and its current expenses. Acts 1870, p. 374. Both items of indebtedness are *prima facie* lawful.

The third ground of demurrer is insufficient under the decision of this court in *International Bank v. Franklin* 3. CITY WARRANTS. *County, supra.*

There is no merit in the fourth ground of demurrer. The petition having sufficiently set forth, in the introduction 4. CORPORATION: to the first count, the incorporation and corporate pleading. porate powers of both plaintiff and defend-

ant, it was unnecessary to restate the same matter in the second count.

The judgment of the circuit court will be reversed and the cause remanded. The other judges concur.