THE STATE OF DELAWARE, upon the relation of LYNWOOD B. JACOBS, *vs.* SAMUEL B. HERDMAN, Treasurer of "the COUNCIL OF NEWARK".

1. MANDAMUS—WARRANTS—COMPELLING ISSUANCE.

Under 27 *Del. Laws, c.* 220, creating a Sewer Commission to construct a system of sewers for the Town of Newark, and providing that the treasurer

of the Council of Newark shall act as treasurer of the Commission, and that all bills for services rendered by any employee or contractor shall be approved by a majority of the members of the Commission and presented to the treasurer, who shall issue his warrant in payment therefor, the issuance of a warrant when a contractor's account has been approved by a majority of the Sewer Commission is mandatory, and may be compelled by mandamus, though there is not enough money in the treasury to pay such warrant, and it is immaterial that the treasurer, who is required to issue the warrant, is also the officer charged with the duty of paying the warrant, as the issuance of the warrant is as much his duty as if he was not also the paying authority.

2.  MUNICIPAL CORPORATIONS—CONTRACTS—BILLS—APPROVAL.

Under 27 *Del. Laws. c.* 220, creating a Sewer Commission to construct a system of sewers for the Town of Newark, and providing that two members of the Commission shall comprise a quorum, that all official acts shall be sanctioned by a vote of at least two members, that the Commission is vested with every power necessary or proper for the construction of a system of sewers and disposal works, that it may employ such assistance as it determines necessary, fix the remuneration therefor, award contracts for work and materials, determine whether such contracts have been faithfully performed, and accept or reject work and materials, and that all bills for labor and materials shall be approved by a majority of the members of the Commission, and presented to the treasurer of the Council of Newark, who shall issue his warrant in payment therefor, the Sewer Commissioners, or a majority of them, are made the judges of the correctness of all bills for labor and materials, and the treasurer cannot refuse to issue his warrant to a contractor, whose bill has been approved by the Commission, on the ground that the bill is for more than is due the contractor, especially where this contention is based upon a provision of the contract that the Commission is thereby authorized to deduct twenty-five dollars a day for delay in completion of the contract; this not requiring that the bill shall be reduced, but merely authorizing its reduction.

(*March* 1, 1915.)

PENNEWILL, C. J., and RICE and HEISEL, J. J., sitting.

*Saulsbury, Morris and Rodney* for plaintiff.

*Ward, Gray and Neary* for defendant.

Superior Court, New Castle County, March Term, 1915.

MANDAMUS (No. 110, November Term, 1914).

Mandamus by the State, on the relation of Lynwood B. Jacobs, against Samuel B. Herdman, Treasurer of the Council of Newark.

Rule to show cause why a peremptory writ of mandamus should not issue commanding the defendant to issue and sign a certain warrant as required by *Chapter* 220, *Volume* 27, *Laws of Delaware*, in favor of Lynwood B. Jacobs, the relator, for the sum mentioned for labor performed and materials furnished in the

construction of a system of sewers and disposal works for the Town of Newark. The alternative writ issued by agreement, and service was accepted to which return was made. The relator filed a motion to quash the return, which prevailed, and the peremptory writ was ordered.

PENNEWILL, C. J.:—A motion is made to quash the return to the alternative writ issued in this case.

It appears from the relator's petition, and is undisputed, that the Sewer Commission for the Town of Newark, appointed by a statute of this state, *Chapter* 220, *Volume* 27, *Laws of Delaware*, awarded to the relator a contract for work and materials in the construction of a system of sewers and disposal works in and for said town. It is also undisputed that the Sewer Commission had authority to award such contract.

It is averred in the petition, and not denied, that the relator, as such contractor, rendered a bill to the Council of Newark, through the Sewer Commission, for five thousand nine hundred and seventy dollars and sixty-two cents, for labor performed and materials furnished in the construction of said system of sewers and disposal works; that said bill was approved by the Sewer Commission by resolution sanctioned by a vote of two members thereof, and with such approval designated upon its face was afterwards presented to the defendant by the relator with the request and demand that he, the defendant, issue his warrant in payment therefor, but this the defendant refused and still doth refuse to do. The petition further states that the chairman of the Commission informed the defendant at the time of said demand, of the willingness and readiness of the chairman to countersign said warrant upon its being issued by the defendant.

According to the court's view of the case the material parts of the statute and contract above mentioned are the following:

*Section* 1, which authorized the Council of Newark, by and through the agency of the Sewer Commission appointed by *Section* 2 of the act, to construct a system of sewers for the Town of Newark.

*Section* 2, which appointed Samuel J. Wright, Henry G. M.

Kollock and Joseph H. Hossinger, a Sewer Commission, with full power and authority to do all the things provided in the act as necessary to carry out fully the purposes and intents of the act.

The following provisions of *Section* 4:

"Two members shall comprise a quorum and all official acts of the Commission shall be performed at a regularly stated, or at a specially called meeting, and shall be sanctioned by a vote of at least two members thereof."

"The treasurer of 'the Council of Newark' shall act as treasurer of said Commission, shall meet with it when requested, and shall be the custodian of all the funds received for or on account of the construction of the work authorized by this act, or from the assessments received by reason of such construction, and no monies shall be paid out by authority of said Commission or by authority of the said Council, except by warrants or checks issued by 'the Council of Newark', signed by the treasurer of 'the Council of Newark', and countersigned by the chairman of said Commission during its existence."

"Said treasurer shall be required to give bond to the said Council in such amount as it may determine, to protect 'the Council of Newark' against any loss suffered by any action of said treasurer in handling the funds created under the provisions of this act, or in the performance of any other official act hereunder."

*Paragraph* DD of the contract, wherein:

"It is further agreed by both parties hereto that no payment for labor done or materials furnished under this agreement shall be due and payable until the estimate for such payment is certified by the chief engineer to the Sewer Commission, and that the action of such engineer, by which the contractor is bound and concluded according to the terms of this agreement, shall be evidenced by the final estimate and certificate of said engineer."

*Paragraph* R of the contract, which contains the provision that:

"In addition to the sums above specified and authorized to be deducted from amounts due the contractor for noncompletion of the work within the time specified, the Sewer Commission is hereby authorized to deduct the sum of twenty-five dollars for each and every day which shall elapse after the period herein above mentioned for its completion until its satisfactory completion; and for each and every day prior to the above specified period which shall elapse after the work is satisfactorily completed the Sewer Commission shall pay to the contractor the sum of twenty-five dollars in addition to any other sums to which he may be entitled."

The defendant contests the relator's right to the issuance of the peremptory writ, on two grounds, which may be briefly stated as follows:

*First.*  The lack of funds applicable to the payment of the relator's account.

*Second.*  The account of the relator, approved by the commissioners, is greater than the amount justly due under the contract, and the court will not direct a peremptory writ when the relator's claim is disputed.

The defendant argues that it is the duty of the treasurer of the Town of Newark, under his bond, to protect and safeguard the interests of the municipality, and he cannot, therefore, be compelled to issue a warrant for an amount that is not justly due and payable; or even for an amount which is justly due if there are not sufficient moneys in the treasury out of which the same may be legally paid; that the only fund applicable to the payment of the relator's claim is that which was derived from the sale of bonds authorized by statute, which fund is insufficient to pay said claim; that the moneys in the treasury received from sewer assessments cannot be applied to the payment of relator's claim because they are specifically appropriated by the statute to the payment of other obligations.

The relator insists that there are sufficient funds in the defendant's hands to pay the relator's claim, because any moneys in the treasury of the town are applicable to such claim if the fund derived from the bond issue is insufficient; that including the moneys in the treasury received from sewer assessments the fund is ample, and the warrant for the payment of the relator's account when issued will be a certificate of indebtedness which is one of the obligations the statute specifically provides shall be paid out of the moneys derived from sewer assessments.

[1]  The relator contends further and generally, that even though there be a lack of funds applicable to his account, and a peremptory writ will not be issued to compel the performance of an impossible thing, viz., the *payment* of money when there is no money to pay, still the court may and will, in a case of this kind, direct the writ to compel the issuance of the warrant although there are not then sufficient moneys in the treasury to pay it.

The ground of this contention, is that the issuance of the warrant by the treasurer is a ministerial duty under the statute

which provides that he *shall* issue the warrant when the sewer commissioners or a majority of them have approved the bill.

It seems to the court that this is the *crux* of the case—the only question that need be considered if the contention of the relator is sound.

This is not a proceeding to compel the defendant to pay the relator's bill. If it was, the fact that there was not enough money in the treasury for the purpose might be a good defense. The court will not in mandamus issue the peremptory writ to compel the performance of an impossible act. The issuance of the writ under such circumstances would be futile, and in such case the writ will not be issued.

But that is not this case. The issuance of the warrant is not only possible, but it is mandatory under the statute when the contractor's account has been approved by a majority of the sewer commissioners.

The fact that the defendant is the officer who pays the bill can make no difference in the application of the law or the performance of the defendant's duty respecting the issuance of the warrant. The issuance of the warrant is one thing—one duty; the payment of the bill is another and different thing. The issuance of the warrant was as much the duty of the defendant as it could be if he was not also the paying authority.

[2] The powers given by the act to the sewer commissioners in respect to the construction of a sewer system are very broad.

While all contracts for labor done and materials furnished are required to be executed in behalf of the town by the president and secretary of the Council under the seal of the town, they are nevertheless authorized and awarded by the commissioners. The commission "is vested with every power necessary or proper for the construction of a system of sewers and disposal works." It is authorized to employ such assistance as it determines necessary, and fix the remuneration therefor, award contracts for work done and materials furnished in the execution of the work, *determine whether such contracts have been faithfully performed, and is vested with authority to accept or reject work done* and materials furnished under such contracts.

It is almost impossible to conceive of larger or more general powers than these, and having invested the commission with such powers, the act provides that:

"All bills for services rendered by any employee or contractor of said Commission, for labor performed,and materials furnished, shall be approved by a majority of the members of said Commission, and such approval designated upon the face of the bill.

"All bills, so approved, shall be presented to the treasurer of 'the Council of Newark', who shall issue his warrants in payment therefor, and such warrant shall be signed by the chairman of the Sewer Commission, as aforesaid."
  Section 5.

In view of the clear provisions of the statute above quoted, there can be no doubt that the Legislature intended to make the Sewer Commissioners, or a majority of them, the judges of the correctness of all bills for labor performed and materials furnished by any employee or contractor.

In the case of *McCormick v. Fisher*, 5 *Penn.* 273, 64 *Atl.* 68, the court said:

"We think that in this case the power is vested exclusively in the Council to decide and award the contract, and that the functions of the mayor in signing and affixing the seal of the city are merely ministerial. The mayor is not to undertake to decide between parties what is legal or illegal."

The defendant insists that it was not the intention of the statute that the commission should be vested with such power because it would be incompatible with the financial interests and welfare of the town. We cannot agree with this contention. It seems to the court that no individual, officer or tribunal could be as capable of protecting the town in respect to bills presented for labor and materials, as the commission that awarded the contract, supervised the work, and fixed the remuneration therefor.

The court are clearly of the opinion that it was the duty of the defendant to issue a warrant for the payment of the relator's bill, and that a peremptory writ should be issued to compel the performance of that duty.

Having arrived at this conclusion it is not necessary to pass upon other questions argued before the court.

The conclusion we have reached is, we think, amply supported by reason and authority. Indeed, no case to the contrary has been cited, which is at all in point.

Opinion.

In *Bank v. Lexington*, 74 *Mo.* 104, it was held that the city had power under its charter to issue warrants in payment for work and labor done on a culvert or for services rendered by an engineer, and that it constitutes no defense to an action on a city warrant that there is no money in the city treasury to pay it.

The court in *State v. Irwin*, 74 *Wash.* 589, 134 *Pac.* 484, said:

"We are wholly at a loss to understand how the fact that there may not be at present, in the general fund of the city, sufficient money to pay such warrant can have any bearing upon the question of the legality of its issuance, there being no law prohibiting the issuance of such a warrant because of the want of money to pay it."

This was a mandamus to compel the mayor to issue a warrant.

The syllabus in *People v. Lippincott*, 72 *Ill.* 578, is, in part, as follows:

"If the state has received the services or property of an individual under a contract, there would seem to be no doubt that it would be the duty of the auditor to draw a warrant for the sum due, and of the treasurer to countersign it and deliver it to the person entitled to receive it, whether there be money in the treasury or not. Hence it is not a sufficient answer to a petition for a mandamus to compel the auditor to issue such warrant, to say that there is no money in the treasury with which to pay it if issued."

And in *People v. Secretary of State*, 58 *Ill.* 90, the court said:

"If the petition was alone for a writ to compel the payment of the money by the treasurer, then the answer would be a bar to the relief, but the prayer is, that the auditor issue, and the treasurer countersign and pay, a warrant for the amount petitioner is entitled to receive.  *   *   *   This [the issuance of the warrant] the law at least requires, and also that it be paid when funds are provided for the purpose. If there is no money in the treasury for the payment of a proper claim, when the warrant issues, it should be paid when there are funds."

In *State v. Hoffman*, 35 *Ohio St.* 435, the syllabus states:

"In a proceeding in mandamus to compel the auditor  *   *   *   to issue a warrant upon the city treasurer, as required by the act,  *   *   *  it is not material to inquire whether there is money in the city treasury with which to pay the warrant or not. How the warrant is to be paid is no concern of the auditor in discharging the duties imposed upon him by the statute."

To the same effect is *Little Rock v. U. S.*, 103 *Fed.* 418, 43 *C. C. A.* 261.

In *Dillon on Mun. Corp.* (5th *Ed.*) § 851, it is said:

"The fact that there is no money in the treasury available for the payment of the warrant at the time when it is drawn or issued does not, in the absence of any statute to the contrary, affect the power and duty to issue the warrant, if there is a debt immediately payable."

The defendant has cited the following cases upon the question now under consideration, viz.: *Smith v. Auditor General*, 80 *Mich.* 205, 45 *N. W.* 136; *People v. Burrows*, 27 *Barb.* (*N. Y.*) 89; *Commonwealth v. Phila. County Com'rs*, 1 *Whart.* (*Pa.*) 1; *People v. Stout*, 23 *Barb.* (*N. Y.*) 338; *People v. Frink*, 32 *Mich.* 96; *Mitchell v. Speer*, 39 *Ga.* 56; *Day v. Callow*, 39 *Cal.* 593; *State v. Union*, 52 *N. J. Law*, 69, 18 *Atl.* 571; *Rice v. Walker*, 44 *Iowa*, 458.

It is not our purpose to review these cases. In some of them the effort was to compel the *payment of money* when there was no money with which to pay, and for that and other reasons the majority of the cases do not seem to be in point. They are not analagous to the case before the court.

Some of the reasoning in *Smith v. Auditor General*, 80 *Mich.* 205, 45 *N. W.* 136, seems applicable to the present case, but there is one important fact that differentiates it. The relator based his right to the writ upon the certificate of the quartermaster general that the relator was entitled to a bounty, and one of the reasons the auditor general was not required to issue a warrant was that the act which authorized the quartermaster general to certify or allow bounties had been repealed. The court said:

"The certificate of the quartermaster general can have no force or effect after the law authorizing it has been repealed."

In the case in 27 *Barb.* (*N. Y.*) 89, it was a question whether the relator had any claim at all. No one was authorized to pass upon or approve the claim, neither was the comptroller specifically required by statute to draw his warrant.

The case of *People v. Stout*, 23 *Barb.* (*N. Y.*) 338, appears to be an authority for the relator rather than the defendant.

The amount of relator's bill is five thousand nine hundred and seventy dollars and sixty-two cents.

The defendant admits there is due the relator the sum of four thousand eight hundred and sixteen dollars and ninety-two cents, but contends that the remainder of his claim is not due and owing. This contention is based upon that part of the contract which provides that the Sewer Commission is authorized to deduct from the amount due the contractor the sum of twenty-five dollars for each and every day which shall elapse after the period fixed for the completion of the work until its satisfactory completion.

The defendant insists that he cannot be compelled to issue a warrant for the amount claimed by the plaintiff because under the contract it is agreed by both parties thereto that no payment for labor and materials shall be due and payable until the estimate for such payment is certified by the chief engineer to the Commission, and that the action of the engineer by which the contractor is bound and concluded is evidenced by the final estimate and certificate of the engineer; that according to such final estimate and certificate the amount justly due the plaintiff is four thousand eight hundred and sixteen dollars and ninety-two cents. This amount is ascertained by deducting from the plaintiff's bill twenty-five dollars for each day that elapsed after the work should have been completed. The final estimate was certified to the commission before the plaintiff's bill was approved by the commissioners and the issuance of the warrant by the defendant demanded, so that the only question here is whether the defendant was bound to issue his warrant for five thousand nine hundred and seventy dollars and sixty-two cents, when according to the final estimate certified by the engineer the amount due the plaintiff was only four thousand eight hundred and sixteen dollars and ninety-two cents.

As we have already said, the statute makes the Sewer Commissioners the judges of the correctness of the contractor's bill, and even though the completion of the work was delayed for some days after it should have been finished, the statute does not provide that the bill shall be accordingly reduced; it simply says the commissioners are *authorized* to do it. But, aside from that, the statute makes it mandatory on the defendant to issue a war-

rant to the plaintiff when his bill is approved by a majority of the Sewer Commissioners.

The motion to quash the return is sustained.

And now, to wit, this first day of March, A. D. 1915, the above argument on the motion to quash the return to the alternative writ of mandamus having been heard and considered, it is ordered by the court that the motion to quash the return be, and the same is hereby sustained, and the return to the alternative writ of mandamus quashed, and on motion of the relator's attorneys, and order of the court, the peremptory writ of mandamus to issue.