SYMONS, City Recorder, et al. v. UNITED STATES ex rel. MASTERS.

(Circuit Court of Appeals, Ninth Circuit. June 10, 1918.)

No. 3137.

1. MUNICIPAL CORPORATIONS ⬅➡79—ACTIONS AGAINST—ENFORCEMENT OF JUDGMENT.

Under L. O. L. § 361, which prescribes the method by which judgments against municipal corporations must be enforced, the right of a judgment creditor of a city to pursue such method cannot be affected by anything in the city's charter.

2. MANDAMUS ⬅➡109—AGAINST OFFICERS OF MUNICIPAL CORPORATION—ISSUANCE OF WARRANTS.

Under a statute requiring the proper officers of a city to issue warrants in payment of judgments recovered against the city on presentation of the record of the judgment and its satisfaction, it is no defense to an action in mandamus to compel the issuance of such warrants that the city is without funds to pay them.

In Error to the District Court of the United States for the District of Oregon.

Action by the United States, on relation of Charles Masters, against William Symons, as Recorder and Clerk, and William Reid, as Mayor, of the City of Rainier. From an order granting a peremptory writ of mandamus, defendants bring error. Affirmed.

See, also, 238 Fed. 827.

The relator recovered in the court below a judgment against the city of Rainier, Or., for $9,295.40, with interest and costs. Section 361 of Lord's Oregon Laws provides that, if judgment be given for the recovery of money or damages against a county or other municipal corporation "mentioned or described in section 357" of said laws, no execution shall issue thereon for the collection of such money or damages, but the judgment shall be satisfied by having the judgment creditor present a certified transcript of the docket thereof to the municipal officer charged with the drawing of orders or warrants, after first having satisfied the judgment in full and including in the transcript a memorandum of such acknowledgment or satisfaction and the entry thereof, whereupon such officer shall draw an order on the treasurer for the amount of such judgment and such order or warrant shall then be pre-

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sented for payment and paid, with like effect and in like manner as other orders or warrants upon the treasurer. The relator pursued the method prescribed in the statute, caused his judgment to be satisfied, and presented the requisite transcript of the judgment and the docket and the acknowledgment of satisfaction to the plaintiff in error Symons, who was the city recorder of the city of Rainier, and charged with the duty of issuing warrants, and demanded the issuance of an order upon the city treasurer of said city for the amount of said judgment. The recorder, in accordance with instructions received from the council of the city, refused to issue the order or warrant. Thereupon the relator applied to the court below for mandamus, and an alternative writ was issued, compelling said recorder to issue said order and warrant upon the treasurer of said city, and compelling the mayor of said city to countersign the same, or to show cause why they had not done so. On the return day the plaintiffs in error demurred to the writ for want of facts sufficient to constitute a cause of action. The demurrer was overruled, and thereupon the plaintiffs in error answered, setting up certain defenses, and thereafter, on the motion of the relator for judgment on the pleadings, it was ordered that a peremptory writ issue, directed to the plaintiffs in error and requiring them to execute and deliver to the relator a warrant upon the treasurer of the city of Rainier, for the amount of the judgment, interest, and costs. From that order the appeal is taken.

Fred W. Herman, City Atty., of Rainier, Or., and Norblad & Hesse, of Astoria, Or., for plaintiffs in error.

Roscoe C. Nelson and R. C. Wright, both of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is contended that the demurrer should have been sustained for want of an allegation in the petition or in the alternative writ that the cause of action on which the relator obtained his judgment was one of those which are enumerated in section 357, Lord's Oregon Laws. It is true that section 361, under which this proceeding was had, refers to section 357, but does so only for the purpose of defining the term "public corporation" as used in section 361. Section 357 defines the causes of action which may be brought by public corporations, but it prescribes no limitation upon the causes of action which may be prosecuted against such corporations, and section 361 requires only that the judgment shall be for the recovery of money or damages against one of the classes of public corporations mentioned in section 357. Again, it is said that the alternative writ is defective for its failure to show whether the relator's judgment was payable out of a special or a general fund. We do not see how the want of such an allegation is material, but, if the alternative writ is defective in that respect, the defect is cured by the answer to that writ, which says that the judgment is payable out of the general fund of the city. There was no error, therefore, in overruling the demurrer.

[1] One of the defenses pleaded in the answer, and now relied upon, is that the municipal charter of Rainier prohibits the expenditure of money by the city, otherwise than from special assessments or funds, unless in pursuance of a special appropriation made for that purpose by ordinance, and that neither of the plaintiffs in error in their official capacity has been instructed by resolution or ordinance to countersign

a warrant for the relator, or to issue municipal warrants to him, and that therefore the plaintiffs in error are powerless to act in the premises. The plain answer to this is the language of section 361. No provision of the charter of a local municipality can avail to abridge or limit the provisions of that section, for it is a general law of the state and is paramount. Straw v. Harris, 54 Or. 424, 103 Pac. 777; West Linn v. Tufts, 75 Or. 304, 146 Pac. 986.

[2] It is alleged as a further defense that there are no present funds for the payment of the relator's judgment, that the taxing power of the city is limited, that the total maximum of taxes which can be lawfully levied will be required for the payment of the current expenses of the city, and that no money realized from taxes during the year 1918 can be devoted to the payment of the relator's judgment without seriously impairing the efficiency of the municipal government of said city; and it is contended that a writ of mandamus will not issue against city officials to require the issuance of warrants, where the city has no funds with which to pay the same, and that, even if the relator has the technical right to the issuance of warrants, the issuance thereof will place him in no better position than that in which he now is, and the rule is invoked that mandamus will not issue in a case where it will be ineffectual. All this is aside from the question which the record presents. The question here is not whether the city has money with which to pay the relator's warrants when issued, or whether the relator has the power to compel the payment thereof. The sole question is whether or not these plaintiffs in error shall be required to do in their official capacity that which the law plainly commands them to do, and to take the step which is made by statute a necessary step to the realization of the relator's demand. He, upon his part, has complied with the statute. After obtaining his judgment he satisfied the same, and he presented to the plaintiffs in error the necessary record of judgment and satisfaction. He is clearly entitled to receive the warrants of the city for the amount due him. What he shall do with the warrants hereafter is, in this proceeding, no concern of the plaintiffs in error or of the court.

The plaintiffs in error cite cases which hold that mandamus will not issue to compel a city treasurer to pay money when there is no money in the treasury. Such cases are not in point, for here it is not the purpose of the petition or of the writ to compel the payment of money. The purpose is to compel the performance of an act which is plainly required by statute, and the terms of the statute are controlling. Even if there were no such statute, the weight of authority is that the want of funds is no defense to a writ of mandamus to compel the issuance of warrants for debts that are due. Shattuck v. Kincaid, 31 Or. 379, 49 Pac. 758; State v. Irwin, 74 Wash. 589, 134 Pac. 484, 135 Pac. 472; State v. Hoffman, 35 Ohio St. 435; State ex rel. Jacobs v. Herdman, 28 Del. (5 Boyce) 555, 95 Atl. 549; People v. Secretary of State, 58 Ill. 90.

The order for the peremptory writ is affirmed.