JOHN D. MURPHY *et al.*

*v.*

THE PEOPLE *ex rel.* West Chicago Park Commissioners.

*Opinion filed April 17, 1906.*

1. APPEALS AND ERRORS—*when a freehold is not involved.* A freehold is not involved on writ of error to review a judgment awarding a writ of *mandamus* to compel the proper officer to enforce judgment against real estate for delinquent special assessment.

2. SAME—*when the case does not relate to the revenue.* Where neither the legality of a special assessment, the liability to pay the same nor the amount to be paid is in controversy, a proceeding to review a judgment awarding *mandamus* to compel the county collector to enforce the judgment for the special assessment does not relate to the revenue.

3. SAME—*general appearance does not confer jurisdiction of subject matter.* General appearance of the parties on writ of error does not confer jurisdiction upon the Supreme Court to hear and determine the cause if it has no jurisdiction of the subject matter.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

At the July term, 1904, of the county court of Cook county, upon the application of the county collector of said county, judgment and order of sale was rendered for a delinquent special assessment against certain lands owned by plaintiffs in error in the town of West Chicago. An appeal was prosecuted by plaintiffs in error to this court, where the judgment of the county court was affirmed at the December term, 1904, and a rehearing denied at the February term, 1905. (*Cummings & Co.* v. *People,* 213 Ill. 443.) On April 19, 1905, there was filed in the county court of Cook county a certified copy of the order of this court affirming a judgment of the county court of Cook county in the case of "E. A. Cummings & Co. *et al.* v. People *ex rel.* John J. Hanberg, County Treasurer, No. 3867."

Thereafter, on May 24, 1905, the West Chicago Park Commissioners filed a petition for *mandamus* in the superior court of Cook county, seeking to compel John J. Hanberg, county collector of Cook county, to advertise and sell all the property against which judgment and order of sale had been rendered for said delinquent assessment, at the same time as advertisement and sale should be made of lots and lands for delinquent taxes and special assessments for the year 1905. Hanberg answered the petition, denying that the certified copy of the order of affirmance of this court, filed in the county court of Cook county on April 19, 1905, is a copy of the order of affirmance of the judgment rendered by the county court of Cook county at its July term, 1904, above mentioned. The answer admitted all other allegations of the petition, including the allegation that the judgment of the county court was affirmed by this court at the December term, 1904, and that a rehearing was denied at the February term, 1905. The land owners filed an intervening petition in the proceeding for *mandamus,* asking to be made defendants. Their petition was allowed, and they thereupon adopted the answer theretofore filed by Hanberg.

The only evidence offered at the hearing was the certified copy of the order of affirmance above mentioned and a list of property upon which the special assessment remained unpaid, which had been filed by the collector of special assessments for the West Chicago Park Commissioners with the county collector on April 17, 1905.

The superior court awarded a writ of *mandamus* in accordance with the prayer of the petition. The land owners who filed the intervening petition, and who were thereupon made defendants, bring the record to this court by writ of error.

GEORGE W. WILBUR, for plaintiffs in error.

BENJAMIN F. RICHOLSON, and DELAVAN B. COLE, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Defendant in error has made a motion in this court to dismiss the writ of error on the ground that this court is without jurisdiction to determine this cause, coming, as it does, directly from the superior court.

The only issue raised by the pleadings was whether or not the certified copy of the order of affirmance, filed in the county court on April 19, 1905, was a copy of the order of this court affirming the judgment rendered at the July term, 1904, of the county court, against the lands of plaintiffs in error for the delinquent special assessment. It is admitted by the answer that the county court has rendered judgment for the special assessment against the lands, that the judgment has been affirmed by this court and that a rehearing has been denied. In other words, plaintiffs in error admit that their property is liable for the special assessment, but set up as a defense to a present sale of the property to satisfy the special assessment that a certified copy of the order of affirmance of this court has not been filed in the county court.

Plaintiffs in error, in response to the motion to dismiss the writ of error, contend that a freehold is involved and that this is a case relating to revenue.

The only effect of the judgment awarding the writ of *mandamus* is to compel the proper officer to enforce a judgment. It will not necessarily follow that plaintiffs in error will lose a freehold. That result may be obviated by a payment of the judgment before sale or by a redemption after sale. Under such circumstances a freehold is not involved. *Adkins* v. *Beane,* 135 Ill. 530.

Section 88 of the Practice act provides for removing "all cases relating to revenue" from the trial court to this court for review by appeal or writ of error. Where, as here, the legality of the tax or special assessment is not involved and neither the liability to pay nor the amount to be paid is in controversy, the revenue can neither be increased, di-

221—9

minished nor directly affected by any judgment that can be rendered in the case. The amount of the special assessment has passed into a judgment against the land, and it only remains to reduce it to possession by collection from the land owner or by sale of the land. The case relates to revenue only incidentally and remotely, and that is not sufficient to confer jurisdiction upon this court. *Wells* v. *Rogers,* 196 Ill. 292.

Plaintiffs in error insist, however, that by entering a general appearance in this court defendant in error has waived the right to ask for a dismissal of this writ of error. If the court has no jurisdiction of the subject matter a general appearance of the parties cannot confer jurisdiction upon the court to hear and determine the cause.

The writ of error will be dismissed.

*Writ dismissed.*