THE PEOPLE *ex rel.* O. B. Wysong, County Collector, Defendant in Error, *vs.* A. HONEYWELL, Plaintiff in Error.

*Opinion filed April 19, 1913.*

1. CONSTITUTIONAL LAW—*a drainage district may assess property within a municipality already indebted up to the constitutional limit.* The fact that property subject to assessment for drainage benefits is within the corporate limits of a municipality which is indebted up to the constitutional limit does not prevent the levy of such assessment by the drainage district.

2. SAME—*constitutional limit as to indebtedness applies to each municipal corporation singly.* The constitutional limitation upon the extent of corporate indebtedness applies to each municipal corporation singly, and where one such corporation embraces, in part, the same territory as others, each may contract corporate indebtedness up to the constitutional limit without reference to the indebtedness of the others. (*Wilson* v. *Board of Trustees,* 133 Ill. 443, followed.)

3. SAME—*a drainage assessment is not indebtedness within the meaning of constitution.* The constitutional limitation upon corporate indebtedness is a limitation against becoming indebted for general corporate purposes and has no reference to drainage assessments, and the only limit applicable to such assessments is that the assessment must not exceed the benefits.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

C. M. BRIGGS, and JAY BRIGGS, for plaintiff in error.

JOHN H. LEWMAN, State's Attorney, (DOBBINS & DOBBINS, of counsel,) for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a writ of error to the county court of Vermilion county, and brings up for review a judgment of that court striking objections filed by A. Honeywell and rendering judgment against his lands for delinquent drainage taxes assessed by the Hoopeston Drainage District for the year 1912. The drainage district is partly within and partly

without the city of Hoopeston. The lands and lots for which plaintiff in error files objections are situated in that portion of the drainage district within the limits of the city of Hoopeston. It is conceded that the city of Hoopeston is indebted to the constitutional limit of five per cent.

The only objection argued by plaintiff in error in his brief is, that the drainage district cannot lawfully levy a special assessment on property, for benefits received, within a municipality which is already indebted to the full limit of the constitution. The question raised is not an open one in this court. In *Wilson* v. *Board of Trustees,* 133 Ill. 443, the validity of the Sanitary District act was challenged on the ground that to authorize the organization of sanitary districts with power to become indebted to the constitutional limit and embracing other municipalities which also had a like power of contracting indebtedness, would, in effect, destroy the constitutional limit as to municipal indebtedness. The act was sustained, and this court held that the constitutional limitation upon the extent of corporate indebtedness applies to each municipal corporation singly, and that where one corporation embraces, in part, the same territory as others, each may contract corporate indebtedness up to the constitutional limitation without reference to any other corporation embraced wholly or in part within its territory. And such has been the uniform doctrine of this court since the decision in the *Wilson case.* *Highway Comrs.* v. *City of Bloomington,* 253 Ill. 164.

There is another reason why this objection was properly stricken. Drainage assessments are not debts within the meaning of the constitutional limitation. They are in the nature of an exchange for benefits received by the enhanced value of the property derived from the improvement, to pay for which the assessment is made. The limitation of the constitution is against becoming indebted for general corporate purposes and has no reference whatever to assessments for local improvements. (*Mix* v. *Ross,* 57 Ill.

121; *Kilgour* v. *Drainage Comrs.* 111 id. 342.) The only limit applicable to drainage assessments is that the assessment must not exceed the benefits. *Sny Island Drainage District* v. *Shaw,* 252 Ill. 142.

The county court did not err in striking the objections from the files, and its judgment will be affirmed.

*Judgment affirmed.*