THE PEOPLE *ex rel.* E. L. Douglas *et al.* Appellees, *vs.*
H. K. POWELL, Appellant.

*Opinion filed June 22, 1916—Rehearing denied October 4, 1916.*

1. PRACTICE—*exception to ruling on demurrer is unnecessary.*
It was never necessary to save an exception to the ruling of the
court on a demurrer in order to have the ruling reviewed, as ex-
ceptions were only required as to matters which became a part of
the record by bill of exceptions, only.

2. SAME—*extent to which pleading over, after demurrer, is a
waiver.* Error in overruling a demurrer to a petition for *manda-
mus* is waived by answering the petition, but the waiver does not
extend to innate and substantial defects which would render the
petition insufficient to sustain the judgment, and the question of
the sufficiency of the petition to sustain the judgment may be re-
viewed on appeal or writ of error.

3. MANDAMUS—*proceeding for writ of mandamus is an action
at law.* A proceeding for a writ of *mandamus* is an action at law,
governed by the same rules of pleading as other actions at law in
which the defendant may plead or answer, as he elects, and if he
concludes to plead he may file pleas setting up distinct defenses,
and the relator may demur to any or all of the pleas, in which case
the court will rule on the various pleas and determine as to each
whether it separately states a good defense.

4. SAME—*answer to a petition for mandamus must be sufficient
as a whole.* If the defendant elects to answer a petition for *man-
damus* the defense set up by the answer must be sufficient as a
whole, as the practice is not the same at law as in chancery, where
exceptions may be sustained to improper parts of the answer and
such parts be eliminated, leaving the remainder to stand.

5. SAME—*organization of school district cannot be questioned
in mandamus proceeding to compel levy of tax.* In a proceeding
for a writ of *mandamus* by a board of education of a high school
district to compel the county clerk to extend a tax the organiza-
tion of the high school district cannot be questioned.

6. SAME—*the county clerk cannot determine which of two high
school districts is legally organized.* In the matter of extending a
tax for the board of education of a high school district the county
clerk has a right to ascertain whether there is a *de facto* high
school district corresponding to the one in question, but he cannot
refuse to extend the tax on the ground that there are two high
school districts in the same territory and that the district asking for
the extension of the tax is not, in his judgment, legally organized.

7. SAME—*what need not be alleged in mandamus petition.* A petition for *mandamus* by a board of education of a high school district to compel the county clerk to extend a tax need not allege under what act the high school district was organized, and the petition is sufficient if everything necessary to create the duty which the relators ask to have performed is either expressly averred or is fairly implied from express allegations.

8. PLEADING—*when a demurrer cannot be carried back.* A demurrer to the answer to a petition for *mandamus* cannot be carried back to the petition where the defendant has already demurred to the petition and his demurrer has been overruled.

APPEAL from the Circuit Court of Jasper county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

FITHIAN & KASSERMAN, and ANDREWS & REAL, for appellant.

NEWLIN, PARKER & NEWLIN, (C. A. DAVIDSON, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A petition in the name of the People, on the relation of appellees, alleging that they were president and members of the board of education of high school district No. 203 of Crawford and Jasper counties, was filed in the circuit court of Jasper county, praying for a writ of *mandamus* commanding the appellant, H. K. Powell, county clerk of Jasper county, to proceed according to the statute for the extension of a tax levied by said board of education. The defendant demurred to the petition and the demurrer was overruled. An answer was then filed, to which the relators demurred. The demurrer to the answer was sustained and the defendant then moved to carry it back to the petition, but that motion was denied. The defendant elected to stand by his answer, and judgment was rendered awarding a writ as prayed. This appeal was prosecuted for the purpose of reversing the judgment.

It is assigned for error that the court erred in overruling the demurrer to the petition, and the reply made is that the argument under that 'assignment cannot be considered because of the failure of the defendant to except to the ruling of the court on the demurrer. It was never necessary to save an exception to such a ruling, since exceptions were only required as to matters which became a part of the record by a bill of exceptions and not otherwise. (*Hamlin* v. *Reynolds,* 22 Ill. 207; *Baker* v. *People,* 105 id. 452; *Bennett* v. *Union Central Life Ins. Co.* 203 id. 439.) The assignment, however, cannot be considered, for the reason that the defendant did not stand by his demurrer but answered over and therefore waived the right to assign error on the ruling. An error committed in overruling a demurrer is waived by pleading over, but the waiver does not extend to innate and substantial defects which would render the petition insufficient to sustain the judgment. The question of the sufficiency of a petition to sustain the judgment may be reviewed on appeal or error. *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 Ill. 161; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100.

One of the grounds on which it is claimed the petition was insufficient to sustain the judgment is that there are three separate and distinct acts for organizing township high school districts and the petition did not allege under which one the district of which the relators constituted a board of education was organized. No reason is given why it would make any difference, in the performance of defendant's duty, under which act the district was organized. Under either the board of education had power to levy a tax.

Another objection to the petition is, that there was a failure to allege that the county clerk of Crawford county had certified to the defendant, as county clerk of Jasper county, the equalized valuation of the taxable part of the

property of the district in Crawford county, as required by
the statute.   The petition alleged that it was the duty of
the defendant to ascertain the total equalized valuation of
the taxable part of the property in Jasper county and to
certify it to the county clerk of Crawford county, but did
not specifically aver that the like duty had been performed
by the county clerk of Crawford county.   It was not a con-
dition of the law that the defendant should perform his
duty after the county clerk of Crawford county had per-
formed his, and the defendant, in pointing out his objec-
tions by the demurrer, did not suggest anything of that
kind.   If he had, the objection would not have been good,
because the petition set out the reason for the refusal of
defendant to comply with the demand of the relators and
extend the tax, and the failure of the county clerk of Craw-
ford county was not given as a reason.   The refusal of
the defendant was given in a reply to the relators, stating
that he had been advised by the State's attorney that the
organization of the district represented by the relators was
illegal, and that he had accepted the counsel and advice of
the State's attorney and therefore refused to extend the
tax.   Everything necessary to create the duty which the re-
lators asked to have performed was either expressly averred
or fairly implied from express allegations, and the petition
was sufficient to sustain the judgment.

The answer of the defendant denied *seriatim* every
averment of fact contained in the petition and the conclu-
sion of law alleged concerning his duty, and after these
denials he set up the real defense to the action.   That de-
fense was, that there were two township high school dis-
tricts covering the same twelve sections of land described
in the answer, and inasmuch as two could not exist in the
same territory, he had a right to, and did correctly, decide
that the relators' district was not legally organized, and
therefore they had no right, as a board of education, to

274 — 15

levy any tax. He elected to recognize the other high school district and extend the tax levied by the board of education of that district. The answer averred that the alleged township high school district No. 203 had. no legal existence; that no proper legal petition for the organization of the district was signed; that the required number of notices were not posted in the most public places; that an illegal election was held, at which women voted and others not lawfully entitled to vote, so that the proposition did not carry by a majority of legal votes; that on account of the illegal votes at the election which was held there was another petition, which also was not signed by the required number of voters; that under that petition the question of organizing a district was again submitted but failed to receive a majority and no return of the election was made, and that many voters promoting and boosting the district had publicly announced that they would file another petition and hold another election to organize the district. The answer then went on to recite at great length the proceedings for the organization of the Willow Hill high ·school district, covering the same twelve sections of land which the relators were seeking to tax, and alleged that that district was legally formed. The court sustained the demurrer to this answer, and it is urged that the court thereby committed error.

A proceeding for a writ of *mandamus* is an action at law and is governed by the same rules of pleading that are applicable to other actions at law. (*Board of Supervisors* v. *People,* 159 Ill. 242; *People* v. *Commissioners of Cook County,* 180 id. 160.) The statute permits a defendant to plead or answer, as he may elect. If he concludes to plead he may file as many pleas setting up separate and distinct defenses as he may choose. In such a case the relator may demur to any or all of the pleas, and the court will rule on the various pleas and determine as to each whether it separately states a good defense. If, however,

the defendant chooses to answer, the defense set up by answer must be sufficient as a whole. The practice is not the same at law as in chancery, where exceptions may be sustained to improper parts of the answer and such parts eliminated, leaving the remainder of the answer to stand. The answer categorically denied the averments of fact in the petition, and those denials, if contained in pleas, would have tendered issues of fact and would have been sufficient. The answer, however, went on to set up the defense which the court, on demurrer, held to be bad, and the demurrer was properly sustained. The defendant stood by the answer instead of amending by eliminating the defense and leaving a simple denial. The question whether the court erred in sustaining the demurrer depends on whether the defendant had a right to decide the question whether a *de facto* high school district having a board of education was legally organized and to interpose that defense in this suit. The answer alleged that he had made the decision and in accordance with his conclusion refused to extend the tax. It is beyond question that the court could not try and determine that question in this suit, and as the court could not determine whether the district was legally organized the defendant could not interpose the defense that the organization was illegal. The proceeding for *mandamus* to compel the levy of the tax was collateral, and the organization of a school district or other like corporation cannot be questioned collaterally. (*Renwick* v. *Hall,* 84 Ill. 162; *People* v. *Newberry,* 87 id. 41; *People* v. *Trustees of Schools,* 111 id. 171; *Evans* v. *Lewis,* 121 id. 478.) The defendant had a right to ascertain whether there was a *de facto* high school district of which the relators constituted a board of education, and that question could be tried in the suit but the court could go no farther. The legality of the organization could only be questioned by an information in the nature of *quo warranto.* (*School Directors* v. *School Directors,* 135 Ill. 464.) It is true that there could not be

two high school districts exercising the same corporate powers in the same territory and levying taxes for the same purpose upon the same lands. Neither the defendant nor the court in this proceeding could determine which district was legally organized. The court did not err in sustaining the demurrer to the answer.

The defendant moved the court to carry the demurrer back to the petition to which his demurrer had already been overruled, and that could not be done. (*Stearns* v. *Cope,* 109 Ill. 340; *City of Chicago* v. *People,* 210 id. 84; *Fish* v. *Farwell,* 160 id. 236; *Town of Scott* v. *Artman,* 237 id. 394.) Having had the judgment of the court on his demurrer the defendant could not have that judgment reviewed by carrying back the relators' demurrer. He is entitled to question the sufficiency of the petition to sustain the judgment,—a question which has already been considered and the petition held sufficient.

The judgment is affirmed.                    *Judgment affirmed.*