Joseph T. Delfosse, Appellee, v. City of West Hammond et al., on appeal of City of West Hammond, Appellant.

## Gen. No. 25,183.

1. MANDAMUS, § 148*—*what allegations in petition against city in assessment matter not mere conclusions.* On a petition for a writ of mandamus against a city by one claiming as an innocent holder for value of certain of its special assessment bonds to compel the city board of local improvements to file an estimate of the amount of an alleged deficiency in a certain special assessment and to compel the city to cause a supplemental assessment to be levied to meet the cost of the improvement, allegations that "an assessment roll was duly filed," "a commissioner was duly appointed," "publication duly made," and others in similar form, are sufficient and are not objectionable as being mere conclusions of the pleader.

2. MANDAMUS, § 148*—*what allegations in petition against city to compel levy of supplemental assessment are sufficient.* On a petition for a writ of mandamus against a city to compel the levy of a supplemental assessment to meet a deficiency in a specified special assessment, it is sufficient for the petitioner to allege that the proceedings resulting in the confirmation of the special assess-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment were in every respect regular and in conformity with the law, without stating evidentiary facts or setting out every detail of the assessment proceedings and issuance of the bonds.

3. MANDAMUS, § 148*—*when petition against city to compel levy of special assessment is not defective.* A petition for a writ of mandamus against a city to compel the levy of a supplemental assessment to meet a deficiency in a specified special assessment, *held* not defective as regards its allegations as to the filing of the certificate of completed work within the statutory time after the completion of the improvement.

4. MANDAMUS, § 160*—*carrying back demurrers to special pleas to petition.* Where a general demurrer filed to a petition for a writ of mandamus is overruled and defendant does not stand by the demurrer but files special pleas, demurrers to such special pleas cannot be carried back to the petition.

5. MANDAMUS, § 152*—*what cannot be set up by plea on petition against city to compel levy of supplemental assessment.* On a petition for a writ of mandamus to compel a city to levy a supplemental assessment to meet a deficiency in the payment for an improvement of which it has presumably received the benefit, the city cannot set up by plea that the judgment of confirmation in the original proceedings showed that the property affected by the assessment "would have benefited by the said improvement no more than the amount against it," as such defense can only be presented, if at all, on the trial of the issues raised in the supplemental proceedings.

6. JUDGMENT, § 488*—*what not res adjudicata against holder of municipal bonds seeking mandamus to compel levy of supplemental assessment.* The original judgment of confirmation in the special assessment proceedings is not *res adjudicata* as against a holder of bonds issued therein seeking a writ of mandamus to compel the city to levy a supplemental assessment to meet a deficiency.

7. MANDAMUS, § 159*—*when demurrer to pleas to petition against city to compel levy of supplemental assessment is properly sustained.* A demurrer is properly sustained to pleas to a petition for a writ of mandamus to compel a city to levy a supplemental assessment to meet a deficiency in the original assessment which do not allege that petitioner was a party to the contract for the improvement or had any interest therein, but merely that he was a partner of the contractor and a surety on such contractor's bond and thereby had notice of the fact that the special assessment was confirmed for an amount less than the contract price, etc.

8. MANDAMUS, § 159*—*when demurrer to plea to petition against city to compel levy of supplemental assessment is properly sustained.* Where the petition for a writ of mandamus to compel a city to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

levy a supplemental assessment to meet a deficiency in a special assessment levied therefor alleges that an order was entered that the improvement had been duly made in compliance with the ordinance, a demurrer is properly sustained to a plea which attempts to charge the petitioner with the contractor's failure and refusal to perform the contract in accordance with the requirements of a city ordinance authorizing the assessment proceedings.

9. MUNICIPAL CORPORATIONS, § 396*—*conclusiveness of judgment approving acceptance of local improvement.* A judgment of the County Court approving the acceptance by a city of a local improvement is conclusive that the work has been done in substantial compliance with the ordinance, and its conclusive effect cannot be nullified by the admission of the parties, in their pleadings or otherwise, that the work was not so done.

10. MANDAMUS, § 117*—*when petition against city to compel levy of supplemental assessment cannot be defended on ground of laches.* On a petition by a holder of special assessment bonds of a city for a writ of mandamus to compel the city to levy a supplemental assessment to meet a deficiency in the original assessment, it was *held* that the defense of laches was not available where it appeared that the proceeding was instituted in March, 1918, that the petitioner acquired the bonds in 1909, recovered judgments thereon at various times against the city, and the city had paid interest on the bonds as late as 1915 and had in other ways recognized their validity.

11. MUNICIPAL CORPORATIONS, § 1221*—*what statute of limitations applies to special assessment bonds.* Special assessment bonds issued by a city are written contracts and are subject to the 10-year statute of limitations.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed December 8, 1919.

SAMUEL K. MARKMAN, for appellant.

GEORGE L. SCHEIN and JOHN A. BARNES, for appellee; DANIEL S. WENTWORTH and DAVID B. MALONEY, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court. In a petition filed in the Superior Court of Cook county the petitioner alleged that he is an innocent

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

purchaser and holder for value of certain unpaid special assessment bonds issued by the City of West Hammond in anticipation of the collection of a certain special assessment described as special assessment West Hammond No. 23.

In the year 1909 petitioner purchased bonds of the City of West Hammond aggregating $34,000 in amount. These bonds matured in the years 1912, 1913 and 1914. On March 22, 1918, the petitioner prayed for a writ of mandamus against the City of West Hammond and certain of its officials to compel the City Board of Local Improvements to file an estimate of the amount of an alleged deficiency in special assessment No. 23 and to compel the city by its proper officials to cause a supplemental assessment or assessments to be levied until a sufficient sum was realized to pay the full amount due for costs and expenses incurred in making the improvements. A demurrer filed to the petition was overruled and the respondents thereupon filed six pleas. A demurrer was filed to all of the pleas and was sustained to all of them except one, which charged that the petitioner was guilty of laches in urging his claim against the respondents. On a hearing of the cause the trial court found that there was due petitioner on unpaid bonds the sum of $9,295.71, and he was granted the relief prayed for in his petition. Respondents seek by this appeal to reverse this judgment.

It is argued that the petition failed to allege the material facts necessary to support the findings and judgment in favor of the petitioner; that certain of the allegations in the petition to the effect that "an assessment roll was duly filed," that "a commissioner was duly appointed," that "publication duly made," and other allegations of somewhat similar form were insufficient, being mere conclusions of the pleader. We think these allegations were sufficient. It is, of course, true that the petitioner was required to show by his petition that he was clearly entitled to the relief which

he prayed for. His claim for relief is based upon the allegation that he is an innocent holder for value of certain special assessment bonds of the City of West Hammond. If the allegations quoted above be true, then so far as they are concerned he was entitled to relief. It should be kept in mind that the issues here do not arise between a property owner, whose property is to be assessed, and the respondents. In the present case it was sufficient to allege that the proceedings which resulted in a confirmation of special assessment No. 23 were in every respect regular and in conformity with the law. The petitioner was not required to state evidentiary facts, nor do we believe that the law required him to allege in his petition every step and detail of the special assessment proceedings and the acts done therein which resulted in the issuance of bonds for the payment of the costs and expenses of the public improvement which was provided for by the original assessment.

In *People v. Powell*, 274 Ill. 222, the Supreme Court held that a petition for mandamus is sufficient if everything necessary to create a duty which the relator asks to have performed is either expressly averred or may be fairly implied from express allegations.

And so with reference to the contention that the petition was insufficient wherein it alleged that the Board of Local Improvements "filed in said cause its certificate and petition as to the completed work, notice of which was duly published and affidavit thereof filed in said cause, and a rule duly entered to file objections therein and thereto, and objections being filed, the said objections were duly set down for a hearing and duly disposed of on or about February 3, 1912," and "that an order was duly entered finding the facts stated in said certificate of completed work to be true and correct, and that said improvement had been duly made in substantial compliance with the ordinance in said matter, * *- *—all of which legal steps were in due conformity to said Local Improvements Act." This

part of the petition does not state that the certificate referred to had been filed within 30 days after the completion of the improvement as required by section 84 of the Local Improvements Act (J. & A. ¶ 1477). We think the petition in this particular was not defective.

A general demurrer was filed to the petition, which was overruled. Defendant did not elect to stand by the demurrer, but filed special pleas, to each of which a demurrer was filed, and this demurrer was carried back, we think erroneously, to the petition.

The decisions of the Supreme Court of this State are unanimous in holding that where a demurrer to a petition has been overruled a demurrer to pleas cannot be carried back to the petition. *Town of Scott v. Artman,* 237 Ill. 394, 399; *People v. Powell,* 274 Ill. 222. It is our opinion that the petition was not insufficient. In the case of *Case v. City of Sullivan,* 222 Ill. 56, relied upon by respondents, the relator failed to allege in his petition for a writ of mandamus to compel a respondent to issue improvement bonds, that a certificate had been filed by the Board of Local Improvements in the court in which the assessment had been confirmed within 30 days after the final completion and acceptance of the work or at any other time as required by section 84 of the Local Improvements Act (J. & A. ¶ 1477). In that case it was sought to compel the city to issue bonds to pay for the improvement. It appears here, however, that the city had in fact issued the bonds; it paid interest due thereon as late as the year 1915, and had in other ways recognized their validity; and, further, the petition here alleges that the required certificate was in fact filed; that the improvement work was completed and that the unpaid bonds were issued to pay therefor.

It is urged that the trial court erred in sustaining the demurrer to respondents' pleas. The first of these pleas alleged that in special assessment No. 23 in the County Court of Cook county it was found that all the property assessed would not be benefited more than

it was assessed. Section 59 of the Local Improvements Act (J. & A. ¶ 1449) gives the Board of Local Improvements power and makes it its duty, where it appears to the satisfaction of the board that a first assessment was insufficient to pay the costs and expenses of an improvement intended to be paid for by an original assessment, to make and file an estimate for the amount of the deficiency and to provide for supplemental assessments.

We do not think that the allegation of the plea that the judgment in the original proceedings showed that the property affected by the assessment ''would have benefited by said improvement no more than the amount against it,'' is available to the respondents. Whether the defense could be availed of by property owners, sought to be assessed in supplementary proceedings, we need not determine in this, a collateral proceeding to compel the respondents to take necessary steps to provide for a full payment for the improvement work of which the City of West Hammond has presumably received the benefit.

We are inclined to the view that under section 59 of the Act (J. & A. ¶ 1449) the defense sought to be made by the plea is not available to the respondents and can only be presented, if at all, in the trial of issues raised in supplemental proceedings. The original judgment of confirmation in the special assessment proceedings is not *res judicata* as against the petitioner. We think also that no error was committed in sustaining the demurrer to other pleas.

Other pleas set up the defenses that the petitioner was not entitled to the writ prayed for, for the reason that he was a partner of the contractor who performed the work for respondent city; that he was a surety on the bond furnished by the contractor for the faithful performance of the contract, and that thereby petitioner had notice of the fact that the alleged special assessment proceeding was confirmed for an amount

less than the contract price, etc. These pleas did not state good defenses. It is not alleged therein that petitioner was a party to the contract, nor that he had any interest therein. And so also with reference to the plea in which it is attempted, in effect, to charge petitioner with an alleged failure and refusal on the part of the contractor to perform the contract in accordance with the requirements of a city ordinance which authorized the assessment proceedings. It was alleged in the petition that

"An order was duly entered in said cause finding the facts stated in said certificate of completed work to be true and correct and that said improvement had been duly made in substantial compliance with the ordinance," etc.

In *Martin v. McCall*, 247 Ill. 484, the Supreme Court held that a judgment of the County Court approving the acceptance by a city of a local improvement was conclusive that the work had been done in substantial compliance with the ordinance and that the conclusive effect to be given to such judgment could not be nullified by the admission of the parties, in their pleadings or otherwise, that the improvement had not been constructed in substantial compliance with the ordinance.

As to the plea which sets up the defense of laches, we are not convinced that the trial judge erred in finding against the contention of respondents. The petitioner acquired the bonds in the year 1909. The uncontradicted evidence shows that he has recovered judgments thereon at different times against the City of West Hammond for approximately $25,000 and that there was due petitioner at the time of the hearing, if it be assumed that the bonds are valid, the sum of $9,271.09. The City of West Hammond paid interest on the bonds as late as the year 1915, and other evidence indicates that the city and its officials had in other ways recognized their validity. The bonds constituted written contracts, hence the 10-year statutory

limitation period had not expired when the action was brought.

The judgment of the Superior Court is affirmed.

*Affirmed.*