THIRD DISTRICT—FEBRUARY, 1927.     137

People ex rel. Com'rs of Drain. Dist. v. Schwartz, 244 Ill. App. 137.

## The People of the State of Illinois ex rel. Commissioners of North Fork Outlet Drainage District in Counties of Macon, Christian and Sangamon, in the State of Illinois, Appellees, v. Elmer Schwartz, Commissioner of Highways of the Town of Cooper, County of Sangamon and State of Illinois, Appellant.

## Gen. No. 8,052.

1. PLEADINGS—*when special demurrer necessary to attack formal sufficiency of petition for mandamus.* An objection that relator's petition for mandamus to compel the highway commissioner to make payments levied on a town in drainage proceedings was in form insufficient as not showing a properly filed assessment roll or proper notice to defendants, cannot be raised by general but only by special demurrer particularly pointing out the defect.

2. DRAINAGE—*when county court judgment confirming assessment not conclusive.* The judgment of a county court, declared to be conclusive by Cahill's St. ch. 42, ¶ 34, is not conclusive in case of jurisdictional defect in the court's proceedings.

3. JUDGMENTS AND DECREES—*how jurisdictional defect in county court judgment in drainage proceedings established.* That a jurisdictional defect will destroy the conclusiveness of a county court's judgment in drainage proceedings, as raised in issue on the pleadings alone, must be pointed out by pleading or evidence.

4. COURTS—*necessity that jurisdiction of county court exercising special statutory powers appear on face of proceedings.* In exercising a special statutory power, as that under Cahill's St. ch. 42, ¶ 34, the county court's jurisdiction therein must appear on the face of the proceedings.

5. JUDGMENTS AND DECREES—*how findings of judgment as to due service contradicted on collateral attack.* On collateral attack on a judgment or decree which finds due service was had evidence from outside the record cannot be introduced to vary or contradict this finding unless an officer's return of service shows no due service made.

6. COURTS—*general jurisdiction of county courts in drainage matters.* County courts are courts of general jurisdiction with respect to proceedings under the Drainage Act of Illinois, Cahill's St. ch. 42.

7. MANDAMUS—*sufficiency of petition to compel highway commissioner to make payments pursuant to confirmation judgment in drainage proceedings.* The record showing that the county court had duly

confirmed the assessment roll and had jurisdiction in a drainage proceeding on "due and timely notice" to the highway commissioner against whom relators now seek mandamus to compel him to make payments assessed against the town in said proceeding, the court rightly overruled the demurrer attacking the petition for lack of jurisdiction, and issued mandamus.

8. APPEAL AND ERROR—*when appeal from grant of mandamus to compel payment of drainage assessments not transferred to Supreme Court.* On appeal from a grant of mandamus to compel a highway commissioner to make payments assessed against the town in drainage proceedings the case will not be transferred from the Appellate Court to the Supreme Court as involving the question of revenue, on a dispute as to pleadings only, and after failure to show any issue as to the assessment itself in the circuit court.

Appeal by defendant from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 28, 1927.

B. L. CATRON and STEVENS & HERNDON, for appellant.

LESLIE J. TAYLOR and DOBBINS & DOBBINS, for appellees.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is a mandamus proceeding presented by appellees, commissioners of a drainage district, to compel appellant, Highway Commissioner of the Town of Cooper in Sangamon County, to pay certain drainage assessments and benefits adjudged against said town in aid of roads and bridges in the township.

On the 21st day of February, 1924, there was filed in the circuit court of Sangamon county a petition for mandamus in the name of the People of the State of Illinois upon relation of the Commissioners of the North Fork Outlet Drainage District, in the counties of Macon, Christian and Sangamon, in the State of Illinois, asking the court to issue a writ of mandamus to compel Elmer Schwartz, Commissioner of High-

People ex rel. Com'rs of Drain. Dist. v. Schwartz, 244 Ill. App. 137.

ways of the Town of Cooper, in said county of Sangamon, to pay, or cause to be paid, to the treasurer of said drainage district, two instalments of a special assessment levied by said drainage district on the Town of Cooper and requesting that, if such funds were not available for such payment, the said commissioner be ordered to provide the necessary funds by the levy of taxes or otherwise.

The petition alleged that said drainage district had been legally organized on the 26th day of November, 1921, under the provisions of the statute commonly known as the "Levee Act," Cahill's St. ch. 42, ¶ 1 *et seq.*

The petition alleged that said Elmer Schwartz was, at the time the petition was filed, the duly elected and acting Commissioner of Highways of the Town of Cooper and had been such commissioner for more than two years prior thereto. The petition further represented that after the organization of said district, plans for the improvement of said district were duly adopted, and a special assessment to pay for the costs of said improvement was duly prepared and filed in the office of the clerk of the county court of Christian county.

The petition alleged that after the organization of said drainage district and the assessment roll was filed a jury was impaneled for a hearing upon the questions of benefits and damages and such proceedings had that said jury ascertained the benefits which would accrue to the lands, public highways, etc., within the district and made out a verdict and returned the same to the court. The findings contained in the verdict are not shown in the petition, but it alleged that in said proceedings judgment was entered by the county court of Christian county against the Town of Cooper, in the county of Sangamon, for benefits which would accrue to the public highways of said

town, in the total sum of $2,800, payable in 16 instalments, and that thereby the Town of Cooper had become obligated to pay said drainage district $280 on the 28th day of July, 1922, and $214.20 on the first day of January, 1924; but that the said Elmer Schwartz had failed and refused to pay said sums or any part thereof.

The petition alleged that the jury was impaneled and said special assessment levied, "due notice having been given to all persons interested, including the said Elmer Schwartz, Commissioner of Highways of the Town of Cooper, County of Sangamon and State of Illinois," and further, "of which said proceedings for the assessments of benefits and damages the said Elmer Schwartz, Commissioner as aforesaid, had due and timely notice."

Appellant demurred generally to the petition and upon a hearing the court overruled the demurrer and appellant, electing to abide by its demurrer and refusing to plead or answer, judgment was entered and the writ ordered to issue, requiring appellant to pay said assessments, and in the event there were not sufficient funds on hand available for such payments, or either of them, appellant was required to make sufficient levy of taxes for that purpose, etc.

Appellant has appealed from said judgment to this court and contends that a petition for a writ of mandamus to compel the levy of taxes to pay a special assessment, levied by a drainage district against a municipality for benefits to highways, which contains no allegations that the assessment roll has been prepared and filed by the proper authorities and which contains no allegations showing the service of process or the giving of notice to the defendants, fails to show jurisdiction in the county court, and for that reason is insufficient.

The objection raised by appellant to the petition goes to the matter of form. To reach a matter of form in a pleading, the demurrer must be special, pointing out particularly the omission or defect. *Wilkinson v. Cosmopolitan Life Ins. Ass'n*, 154 Ill. App. 195, 199; *People ex rel. McGraham v. Armstrong*, 196 Ill. App. 199; *McEvoy v. Court of Honor*, 163 Ill. App. 556; *McKinstry v. Bras*, 180 Ill. App. 648; *Road Dist. No. 11 v. Coultas*, 212 Ill. App. 18; *Delfosse v. City of West Hammond*, 216 Ill. App. 140, 143. In the case last cited petitioner, a holder of unpaid special assessment bonds, filed his petition for a writ against the city and certain of its officials to compel the city board of local improvements to file an estimate of the amount of an alleged deficiency in a special assessment. Upon a general demurrer it was argued "that the petition failed to allege the material facts necessary to support the findings and judgment in favor of the petitioner; that certain of the allegations in the petition to the effect that 'an assessment roll was duly filed,' that 'a commissioner was duly appointed,' that 'publication duly made,' and other allegations of somewhat similar form were insufficient, being mere conclusions of the pleader. We think these allegations were sufficient. It is, of course, true that the petitioner was required to show by his petition that he was clearly entitled to the relief which he prayed for. His claim for relief is based upon the allegation that he is an innocent holder for value of certain special assessment bonds of the City of West Hammond. If the allegations quoted above be true, then so far as they are concerned he was entitled to relief. It should be kept in mind that the issues here do not arise between a property owner, whose property is to be assessed, and the respondents. In the present case it was sufficient to allege that the proceedings which resulted in a confirmation of special

assessment No. 23 were in every respect regular and in conformity with the law. The petitioner was not required to state evidentiary facts, nor do we believe that the law required him to allege in his petition every step and detail of the special assessment proceedings and the acts done therein which resulted in the issuance of bonds for the payment of the costs and expenses of the public improvement which was provided for by the original assessment.''

In *Ottawa Gas Light & Coke Co. v. People,* 138 Ill. 336, 346, an action brought to recover certain taxes, a declaration was filed containing an averment ''that the taxes were levied and extended,'' etc. A general demurrer was filed and the court held:

''It is further objected * * * that each count is defective in not averring by what authority the taxes were levied, and the particular municipality or corporation to which they were payable. The averment of the declaration is, that the taxes were levied and extended, which necessarily includes a levy and extension upon a valid assessment. * * * It would have been better pleading to have averred the accruing of the taxes for the several years, and their having been carried forward as back taxes by the proper officer, etc.; but it is manifest that the objection goes to the form, and not to the substance of the right of recovery, and therefore cannot be raised by general demurrer.''

And it is held in *People v. Powell,* 274 Ill. 222, 225, that a petition is sufficient if ''everything necessary to create the duty which the realtors ask to have performed was either expressly averred or fairly implied from express obligations.''

The assessment and judgment, as alleged in the petition, were confirmed and entered in the county court of Christian county, that court acting under special and statutory powers, and section 34½ of the Levee Act, Cahill's St. ch. 42, ¶ 54, providing that: ''This Act shall be liberally construed to promote the ditch-

ing, drainage and reclamation of wet or overflowed lands; and collection of assessments shall not be defeated by reason of any omission, imperfection or defect in the organization of any district, or in any proceedings occurring prior to the judgment of the court, confirming the assessments of benefits and damages; but said judgment shall be conclusive that all prior proceedings were regular and according to law,'' is urged in the briefs of both parties, appellant contending that it does not apply in any case where there is a defect in the proceeding defeating the jurisdiction of the court. These cases so hold and as an elementary principle it is true, but it does not affect the question of pleading in this case until some jurisdictional defect in the proceedings is pointed out, either by evidence or plea. The question was before the Supreme Court in *Spring Creek Drain. Dist. v. Commissioners of Highways of Town of Joliet,* 238 Ill. 521, 523, and the court held:

"This action is collateral to the proceedings in the county court as to this assessment, and no objections can be urged here except such as question the jurisdiction of that court. (*Highway Comrs. v. Drainage District,* 207 Ill. 17.) In the exercise of a special and statutory power conferred upon the county court it is necessary that its jurisdiction shall appear in some way upon the face of its proceedings. (*Cobe v. Guyer,* 237 Ill. 516; *Illinois Central Railroad Co. v. People,* 189 id. 119.) Where a decree or judgment order attacked in the collateral proceedings finds that the parties have been duly notified, such finding, like any other judicial determination, cannot be contradicted, varied or explained by parol or other evidence beyond or outside of the record itself. (*Stack v. People,* 217 Ill. 220; *Reedy v. Camfield,* 159 id. 254; *Harris v. Lester,* 80 id. 307; *Hertig v. People,* 159 id. 237; *Casey v. People,* 165 id. 49; *Pipher v. People,* 183 id. 436; *Fiske v. People,* 188 id. 206; *People v. Illinois*

*Central Railroad Co.,* 213 id. 367.) If the notice be given by publication, a publisher's certificate contrary to the finding that due notice has been given will not defeat such finding, because the court may have based it on other evidence as to notice; but the service of summons can only be shown by the officer's return, and hence, when it contradicts a finding of the court that due service has been had, it will overcome the finding and prove the want of jurisdiction, even in a collateral proceeding. *Reedy v. Camfield, supra; Illinois Central Railroad Co. v. People, supra.*"

In *Commissioners of Highways of Town of Dix v. Big Four Drain. Dist. of Ford Co.,* 207 Ill. 25, the court held: "We deem it unnecessary in this case, after judgment, to discuss the averments of the petition for the purpose of determining whether or not they show that the county court had such jurisdiction. 'County courts in this State are courts of general jurisdiction with respect to all matters coming within the purview of their jurisdiction as given by law.' (*Matthews v. Hoff,* 113 Ill. 90; *Field v. Peoples,* 180 id. 376. In pleading the judgment of such a court it is unnecessary to aver the facts which gave it jurisdiction of the parties and subject matter of the litigation. *Wallace v. Cox,* 71 Ill. 548; *People v. Lane,* 36 Ill. App. 649; 2 Greenleaf on Evidence, sec. 279, note; 11 Ency. of Pl. & Pr. p. 1130.''

The petition set out properly and sufficiently notice to the parties in interest and the judgment of the county court confirming the assessment roll, and the court did not err in overruling the demurrer and granting the writ. *Commissioners of Highways of Town of Dix v. Big Four Drain. Dist. of Ford Co., supra; People ex rel. Coon Run Drainage & Levee Dist. v. Nortrup,* 232 Ill. 303.

A more serious question is presented in this cause by appellees' motion, which has been taken with the case to transfer the cause to the Supreme Court, on

the ground that it involves a question of revenue. The motion is based upon the authority of *Kilgour v. Drainage Com'rs,* 111 Ill. 342; *Commissioners of Highways of Town of Dix v. Big Four Drain. Dist.,* 207 Ill. 17, and *People v. Honeywell,* 258 Ill. 319. In the *Kilgour* case, under the Drainage Act of 1879, the landowner appealed from the assessment made by the commissioners to three supervisors, and the assessment was confirmed. A bond had been given on the appeal and suit was brought upon the bond. The court held that: "There can be no doubt that a recovery of the assessment in this case by the sale of the lands assessed would be a bar to a suit on the appeal bond, the same as a discharge of the bond by payment would bar an application for judgment on the assessment." It is evident that when this suit was brought there had been no judgment of court confirming the assessment. The court held that the suit involved a question of revenue and was properly appealed to that court. The court held in the same case: "The provisions of the constitution in relation to taxes have no application to the imposition of the burdens imposed by this act. * * * It is a special regulation, whereby an owner is required to pay for benefits specially conferred upon his land."

In *Commissioners of Highways of Town of Dix v. Big Four Drain. Dist., supra,* the facts were substantially the same as in this case and based upon the *Kilgour* case the court followed the same rule.

In *People v. Honeywell, supra,* the appeal was taken from a judgment of the county court ordering lands assessed to be sold to pay the assessment, and the objection was made that the assessment was illegal for the reason that portion of the lands lay within a municipal corporation, which was already indebted to its full constitutional limit. The objection was overruled, the *Kilgour* case followed, and it was held that the only limit applicable to drainage assessments is that the assessment must not exceed the benefits. For

146 APPELLATE COURTS OF ILLINOIS.

People ex rel. Com'rs of Drain. Dist. v. Schwartz, 244 Ill. App. 137.

anything that appears, the *Honeywell* case was under the Farm Drainage Act, Cahill's St. ch. 42, ¶ 120 *et seq.*, which was an appeal from the first proceeding in court to confirm the assessment where the landowner had opportunity to present his objections. *Commissioners of Highways of Town of Colfax v. Commissioners of East Lake Fork Special Drain. Dist.,* 127 Ill. 581, and reference to that case in *Commissioners of Highways of Town of Dix v. Big Four Drain. Dist.,* 207 Ill. 21.

The facts in this case are more nearly like the situation in *Murphy v. People ex rel. West Chicago Park Com'rs,* 221 Ill. 127, in which it was held: "Where, as here, the legality of the tax or special assessment is not involved and neither the liability to pay nor the amount to be paid is in controversy, the revenue can neither be increased, diminished nor directly affected by any judgment that can be rendered in the case. The amount of the special assessment has passed into a judgment against the land, and it only remains to reduce it to possession by collection from the landowner or by sale of the land. The case relates to revenue only incidentally and remotely, and that is not sufficient to confer jurisdiction upon this court. *Wells v. Rogers,* 196 Ill. 292."

The *Murphy* case was a petition for mandamus and exactly the same as the case at bar, except in the *Murphy* case there had been a judgment in the county court, affirmed in the Supreme Court, and the only issue made by respondents was the existence of a remanding order. In the case at bar there is a judgment of the county court, from which no appeal has been taken and no issue of fact made upon the petition, and no issue of law made, except as to a question of pleading. There have been a number of cases carried directly to the Supreme Court upon the theory that a question concerning revenue was involved. No question was raised upon the appeal and

it is with difficulty that the line of demarcation is followed. There have been cases in the twilight zone of the principle that are with difficulty classified. To review any considerable number of these cases would serve no useful purpose. Ever since the case of *Reed v. Village of Chatsworth,* 201 Ill. 480, in which it was held:

"From the foregoing statement it appears to us that we have no jurisdiction to entertain this appeal. We assume that appellant sought this forum on the theory that it was a case 'relating to revenue.' We cannot so construe it. Our view is that the question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded. Here the tax is already collected and in the hands of the county treasurer, and no question arises between those who levied the tax and those who paid it. In fact, there is no question made upon the tax or revenue at all." There has been an evident tendency to restrict the jurisdiction of direct appeals. *People ex rel. v. City Council of Peoria,* 229 Ill. 225; *O'Connor v. High School Board of Education of Evanston High School Dist.,* 278 Ill. 622; and *Dicus v. Fuchs,* 303 Ill. 489.

In the opinion of this court the petition stated a cause of action, not subject to general demurrer, and the appeal was properly taken to this court. Therefore, the judgment of the circuit court of Sangamon county is affirmed.

*Affirmed.*