A. Bowman et al., Trading as Peat, Marwick, Mitchell and Company, Appellants, v. W. J. Obee and Albert Larson, Appellees.

Gen. No. 8,948.

Opinion filed July 6, 1935.

ZANE, MORSE, ZIMMERMAN & NORMAN, of Chicago, and HALL & HULSE, of Waukegan, for appellants; FRANKLIN D. TRUEBLOOD, of Chicago, of counsel.

MARVIN W. WALLACH, of Chicago, for appellees.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is a mandamus proceeding brought by appellants to compel appellee Larson, as town clerk of the town of Deerfield, in Lake county, to issue a certificate for the payment to appellants of their claim for the

audit of the township records and accounts for the fiscal years of 1932 and 1933, and to compel appellee Obee to sign and pay such certificate.

The petition alleges that appellants are a firm of certified public accountants; that they were employed to make the above audit; that the same was duly made and the full and complete audit presented to the board of town auditors; that the verified charge therefor was duly filed by appellants with said board of town auditors, and the account as rendered duly audited and approved by said board; that all of the members of the board of town auditors were present at this meeting except appellee Obee, and all those present voted for the allowance of appellants' claim. The petition further alleges that the audit disclosed delinquencies on the part of appellee Obee, in the performance of his duties as supervisor of said town of Deerfield, and that Obee disputed the accuracy of the audit and refused to sign and pay a certificate to appellants for the services as same was allowed by the board of town auditors. The petition charges that appellee Larson is ready and willing to issue the certificate pursuant to section 10 of article 13 of the Township Organization Act, Cahill's St. ch. 139, ¶ 126, and that appellee Obee refuses to sign or pay such certificate. The petition further sets out that Obee upon one occasion agreed to sign and pay the certificate if appellants would furnish him an indemnifying bond in the sum of $2,000, whereupon appellants did, on June 6, 1934, present to the said Obee such a bond issued by the Fidelity and Casualty Company of New York, but that Obee then stated he had changed his mind and would not pay appellants' claim until he was forced to do so. The petition charges that the said town of Deerfield has had on hands at all times sufficient funds available under the law for the payment of the petitioner's claim; that repeated demands had been made, all of which have been

refused; that petitioners have no adequate remedy except by mandamus, and pray that the town clerk shall issue the certificate in the sum of $1,577.90 (the amount approved by the town board), and that Obee be commanded to sign and pay such certificate.

General and special demurrers to the petition were filed. The special demurrer charged that the town meeting intruded into the affairs of Obee; that the action of the town meeting was without authority; that the audit could be made only by the town board, and that no legal liability could arise on account of such services performed by any other person or persons; that the law made it the duty of the town board to make the audit and this duty could not be delegated to others; that no funds are shown to be on hand with which to pay the claim; that certain portions of the audit and of the allegations contained in the petition were scandalous and impertinent; that the allegation of the petition that the town had sufficient funds on hand available for the payment of the account was a mere conclusion of the pleader; and that the town of Deerfield was a necessary party to the suit.

The general and special demurrers were overruled, whereupon Obee filed his answer denying the legality of the employment of the petitioners, and the necessity therefor; alleging that the services were of no value to the town; and charging that the petitioners were engaged in a ''fishing expedition.'' The answer admits the audit and the allowance of petitioners' claim; admits demand for payment, but charges that the claim is illegal. It denies the correctness thereof; admits the tender of the indemnifying bond, but alleges the same was worthless. The answer denies that the town has on hands money available for the payment of the claim, and alleges that the petitioners have an adequate remedy at law. Appellee Larson filed a separate answer in which he asserted that the petitioners should

not have a writ of mandamus against him because of the fact that he is indifferent to the matters contained therein and has not refused to sign the certificate required. He filed three special pleas which are similar to those filed by Obee. These special pleas charge that it was the duty of the board of town auditors to make the audit and denied their right to delegate this power to others; second, that there are no funds available with which to pay the claim; and third, that the petitioners have an adequate remedy at law. A fourth plea was filed claiming that the town of Deerfield was a necessary party to the proceedings.

Appellants filed demurrers to all answers and special pleas of the appellees. Following this, Obee made affidavit for a change of venue before Judge Dady, who had heard the proceedings up to that time. A change of venue was granted pursuant to such affidavit. Honorable Theodore Forby, city judge of Zion City, Illinois, was called in to hear the case. On January 30, 1934, appellees made motion before the trial court that the demurrers filed by the petitioners to the answers and special pleas be carried back to the original petition for mandamus. Pursuant to this motion, the trial court entered its order to the effect that the demurrers filed by appellants to appellee's answers and special pleas were each overruled, and further ordered that the motion of appellees to carry said demurrers back to the original petition was granted and sustained, and that each of said demurrers was so carried back to the petition for mandamus and sustained as to said petition, thereby dismissing the petition.

From this order of the trial court the appellants prosecute this appeal. It was error for the court to carry the demurrers filed by appellants to appellee's answers and special pleas back to the original petition, when demurrer to such petition had already been made and overruled. *People v. Powell*, 274 Ill. 222, 228. The

question of lack of available funds may be properly raised by answer. *DeWolf v. Bowley,* 355 Ill. 530. It appears from the petition in this case that the supervisor, Obee, is the only person who has refused to perform his duty; therefore we do not consider the town of Deerfield to be a necessary party on the present record. *People v. Rice,* 356 Ill. 373, 377; *People v. Whealan,* 269 Ill. App. 281; Spelling, Extraordinary Relief, vol. 2, sec. 1640, page 1338; High, Extraordinary Legal Remedies, sec. 358, page 347.

It was error for the court to carry the demurrers to the answers and pleas back to the petition to which a demurrer had already been overruled. The judgment of the trial court is reversed and this cause is remanded with directions to deny the motion of the defendants below to carry petitioners' demurrers to the answers and special pleas back to the original petition, and for such further proceedings herein as the parties may elect to take.

*Reversed and remanded with directions.*