## A. Bowman et al., Trading as Peat, Marwick, Mitchell and Company, Appellants, v. W. J. Obee et al., Appellees.

### Gen. No. 9,193.

Opinion filed April 14, 1937.

ZANE, MORSE, ZIMMERMAN & NORMAN, of Chicago, and HALL & HULSE, of Waukegan, for appellants; FRANKLIN D. TRUEBLOOD, of counsel.

MARVIN WALLACH, of Chicago, for appellees; FERDINAND BORCHARDT, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This case was previously before this court in *Bowman v. Obee,* 281 Ill. App. 212. It is a mandamus proceeding brought by appellant to compel the town clerk to issue a certificate for the payment to appellants of their claim for an audit of the township records and accounts for the fiscal years of 1932 and 1933, and to

compel the supervisor to sign such certificate and to pay same. The amount claimed due by appellants is the sum of $1,577.90. Before the first appeal, the cause was pending before the Hon. Ralph J. Dady. General and special demurrers to the petition were overruled. Answer was then filed, setting up practically the same matters as contained in the demurrers. Special pleas were also filed. Petitioners demurred to the answer and special pleas. At this time, affidavit for change of venue was filed by the defendants. The change was granted. Subsequently, the defendants made motion before the judge then hearing the case that the demurrers filed by the petitioners to the answer and special pleas be carried back to the petition for mandamus. The trial court granted the motion and the petition was dismissed. The petitioners prosecuted an appeal from the order of the court in that case (281 Ill. App. 212). The action of the trial court in that regard was reversed and the cause remanded with directions that the motion of the defendants below to carry the petitioners' demurrers to the answer and special pleas, back to the petition, be denied, because this court discovered no innate and substantial defects in the petition which would render it insufficient to sustain a writ. *People v. Powell,* 274 Ill. 222, 224. This doctrine has since been announced in *People v. Downers Grove Sanitary Dist.,* 359 Ill. 601, and *Coughlin v. Chicago Park Dist.,* 364 Ill. 90. A further statement of facts with respect to the first appeal is not here considered necessary, as they are set out in the opinion in that case.

Upon reinstatement in the trial court, Mr. William Steele appeared and filed what he designated as a supplemental answer, in which he set up, among other things, that he was the duly elected and qualified successor in office of the respondent, Obee, as supervisor of said town. Motion was made to strike the supple-

mental answer. The cause at that time was again pending before Judge Dady. A change of venue was again taken and Judge Arthur E. Fisher proceeded to hear the case. A series of pleadings took place similar to those involved in the first appeal. The defendant respondents, Obee and Larson, filed a joint answer, Obee filed special pleas, and Larson filed a separate answer and special pleas. The pleadings were disposed of before Judge Fisher. The motion to strike the supplemental answer of Mr. Steele, was granted in all respects except as to the allegations that he was the duly elected and qualified successor to Obee, and that he had no funds on hands that had been provided for the payment of petitioners' claim. The petitioners filed demurrers to the joint answer of Obee and Larson. They were sustained in all respects except as to that part of par. 9 of the answer which alleged no funds available to pay petitioners' claim. Demurrer was sustained to separate answer of Larson, and demurrer sustained to special pleas of Obee and Larson, except as to allegations, that no funds were available to pay petitioners' claim. Therefore, the only question involved in the hearing of the case before the court was whether the respondents had funds on hands which were available for the payment of the claim. The trial court found against petitioners, denied the writ, and dismissed the petition, with judgment for costs. This appeal has been prosecuted from the action of the trial court.

The court in sustaining demurrers to all answers and special pleas, except as to the single question of the availability of funds with which to pay the claim, in effect found that the defenses sought to be set up in the answers and special pleas constituted no defense to the petitioners' right to the writ as a matter of law; and that the only question to be determined was whether the defendant respondents had available

funds on hands at that time which could be applied upon payment of the claim. Under such circumstances, the petition itself should not be dismissed. As stated in *People v. Secretary of State,* 58 Ill. 90, at p. 94, "If the State has received the services or property of an individual under a contract, there would seem to be no doubt that it would be the duty of the auditor to draw a warrant for the sum due, and of the treasurer to countersign it, and to deliver it to the person entitled to receive it, whether there be money in the treasury or not, for its payment. This the law at least requires, and also that it be paid when funds are provided for the purpose. If there is no money in the treasury for the payment of a proper claim, when the warrant issues, it should be paid when there are funds." The above statement is quoted with approval in *People v. Lippincott,* 72 Ill. 578, at p. 581. It is said in this case that the petitioner should be paid whenever there are funds on hand available for such purpose, and that under such circumstances, he is entitled to the writ of mandamus. The above cases are cited with approval in *People v. Stevenson,* 272 Ill. 215. In this case it is said that the issuing, signing, and countersigning of a warrant upon the proper fund may be compelled by mandamus where it clearly appears the same is properly due and payable, or has been audited and allowed (p. 221). We thus find that an answer by the respondents that there is no money available with which to pay a claim is not a bar to this proceeding. If the petition was alone for a writ to compel the payment of the money, then the answer of respondents that there was no money available with which to pay the claim, would be conclusive of the case, and if it appeared no such funds were available, the answer would be a bar to the relief. *People v. Secretary of State, supra,* p. 94. But here, the prayer is that the town clerk issue a certificate for the claim, and deliver

it to the supervisor, who shall countersign and pay same.

It appears by the testimony of appellee, Larson, respondent and town clerk, that the claim of appellants was audited and allowed at a meeting of the board of town auditors, and so recorded in his original record book, kept by him. Contracts mark the progress of civilization. They are at the base of the stability of the present and the future. The continued existence of the political institutions of this country is incompatible with public repudiation of contracts and financial obligations.

Since Mr. Steele, the present supervisor, has voluntarily entered his appearance in this case, it will not be necessary that an alias writ be awarded against him, as the successor in office to Obee. *People v. Supervisor*, 100 Ill. 332; *State Board of Equalization v. People*, 191 Ill. 528, 541; *People v. Lueders*, 287 Ill. 107, 117; *People v. DeYoung*, 298 Ill. 380, 385; *People ex rel. Burgeson v. West Chicago Park Com'rs*, 275 Ill. App. 387, 395.

The supervisor carried two bank accounts, one of which was designated as the general fund. The average balance in this fund during the period of time involved in this case, was about $10,000. In June, 1933, there was a balance of $19,616.72; in April, 1934, a balance of $10,316.97; in December, 1934, a balance of $20,976.89; in April, 1935, a balance of $11,203.97, and in June, 1936, a balance of $9,204.71. It appears by the holding in *Cincinnati, I. & W. Ry. Co. v. People*, 213 Ill. 197, that claims and demands audited by the board of town auditors should be paid immediately, if there is sufficient money in the proper fund (pp. 203, 204).

This cause is reversed and remanded with directions that the trial court issue the writ of mandamus as prayed, directed to the respondents commanding them that they shall issue, sign and deliver to appellants a

certificate for the payment of their claim, and pay thereon any money available for such purpose; and if said respondents do not have funds on hand available for the payment thereof, that they shall proceed to take steps in the manner provided by statute to make such funds available for the payment of said claim.

*Reversed and remanded with directions.*